IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RON GOLAN and DORIT GOLAN, individually and on behalf of all others similarly situated,
   Plaintiffs,

v.

VERITAS ENTERTAINMENT, LLC, *et al.*,
   Defendants.

Case No. 4:14-cv-00069-ERW

Judge E. Richard Webber, Jr.

**MEMORANDUM IN SUPPORT OF MISSION CITY MANAGEMENT, INC.'S AND COURAGE 2012, LLC'S MOTION TO DISMISS**

Plaintiffs failed to allege facts to support their claims that defendants Mission City Management, Inc. and Courage 2012, LLC violated the Telephone Consumer Protection Act and Missouri's Telemarketing No-Call List Act ("Do Not Call" statute). Accordingly, Mission City and Courage 2012 move this Court to dismiss them with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

**INTRODUCTION**

Plaintiffs allege that the twelve defendants in this action violated the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, and Missouri's Do Not Call statute, Mo. Rev. Stat. § 407.1107.3(1)-(3), by making four million unsolicited telephone calls to "promote" the film Last Ounce of Courage. (ECF No. 4, ¶¶ 1-3, 32, 35.) To state a TCPA claim against Mission City and Courage 2012, plaintiffs must allege that these defendants initiated the calls, or that they are vicariously liable for making the calls. 47 U.S.C. § 227(b)(1)(B); *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084-85 (C.D. Cal. 2012) (applying agency principles to analyze vicarious liability under the TCPA); *see also In the Matter of the Joint Petition Filed by*

*Dish Network, LLC*, No. 11-50, 28 FCC Rcd. 6574, ¶¶ 24-47 (May 9, 2013) ("a seller is not directly liable for a violation of the TCPA unless it initiates a call, but may be held vicariously liable under federal common law agency principles for a TCPA violation by a third-party telemarketer" under "federal common law" and "a broad range of agency principles").[1]  To state a Do Not Call claim, plaintiffs must allege that these defendants made or "cause[d] to be made any telephone solicitation to any residential subscriber in this state who has given notice to the attorney general, in accordance with the rules promulgated pursuant to section 407.1101 of such subscriber's objection to receiving telephone solicitations." Mo. Rev. Stat. § 407.1098.

Plaintiffs failed to allege facts that, if true, would state a TCPA or Do Not Call claim against Mission City and Courage 2012.  Instead, plaintiffs allege that defendant ccAdvertising, operated by defendant Gabe Joseph, "obtained the telephone numbers called" and initiated the calls. (ECF No. 4 at ¶ 57, 64.)  The only specific factual allegation against Courage 2012 is that "[i]n 2012, a new company—Courage 2012, LLC—was formed, which along with Mission City Management and Veritas Entertainment owned the film." (ECF No. 4, at ¶ 27.)  And, the only additional factual allegation against Mission City is that "Mission City Management made an investment of $10,000,000 to market Last Ounce of Courage." (ECF No. 4, at ¶ 26.)  These specific allegations, and plaintiffs' general allegations lumping the defendants together, are insufficient as a matter of law to state TCPA and Do Not Call claims against Mission City and Courage 2012.  Accordingly, the Court should dismiss Mission City and Courage 2012 with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[1]     The FCC's May 9, 2013 Ruling is not binding on federal courts because it is not a final order. *Dish Network, L.L.C. v. FCC*, No. 13-1182, Memorandum Opinion, (D.C. Cir. Jan. 22, 2014). "[I]ts force is entirely dependent on its power to persuade." Brief of FCC, at *16, *Dish Network, L.L.C. v. FCC*, No. 13-1182, 2013 WL 5960681 (D.C. Cir. Nov. 7, 2013).

DB04/1001663.0002/10341642.1

**LEGAL STANDARD**

"The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions 'which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity.'" *Reitz v. Nationstar Mortg., LLC*, -- F. Supp. 2d. --, No. 4:12cv117SNLJ, 2013 WL 3282875, at *1 (E.D. Mo. June 27, 2013) (quoting *Young v. City of St. Charles*, 244 F. 3d 623, 627 (8th Cir. 2001)).  To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "However, where a court can infer from those factual allegations no more than a 'mere possibility of misconduct,' the complaint must be dismissed." *Reitz*, 2013 WL 3282875, at *1 (quoting *Cole v. Homier Distrb. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010)).  Plaintiffs' complaint fails to state a claim against Mission City and Courage 2012.

**ARGUMENT**

**I.       Plaintiffs Failed to State a TCPA Claim Against Mission City and Courage 2012.**

The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(B).  Plaintiffs do not allege that Mission City or Courage 2012 initiated the calls but instead allege that another party, defendant ccAdvertising, did so. (ECF No. 4 at ¶ 57.)  Thus, plaintiffs must allege facts that, if true, would make Mission City and Courage 2012 vicariously liable for the alleged violations of 47 U.S.C. § 227(b)(1)(B).

3

*Taco Bell Corp.*, 879 F. Supp. 2d at 1084-85; *see also In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574 at ¶¶ 24-47.

To hold a third party liable for alleged violations of Section 227(b)(1)(B) of the TCPA, a plaintiff must show that an agency relationship exists between the third party, as the principal, and the telemarketer, as the agent, such that the third party is vicariously liable for the telemarketer's actions. *Taco Bell Corp.*, 879 F. Supp. 2d at 1084-85. "[T]o create an agency relationship sufficient to establish vicarious liability: (1) the principal must consent, expressly or impliedly, to the agent's acting on the principal's behalf; and, (2) the agent must be subject to the principal's control."[2] *Ritter v. BJC Barnes Jewish Christian Health Sys.*, 987 S.W.2d 377, 385 (Mo. Ct. App. 1999). The "touchstone" of any agency analysis "is whether the party sought to be held liable has the control or right to control the conduct of another in the performance of an act.'" *Id.* at 385 (quoting *J.M. v. Shell Oil Co.*, 922 S.W.2d 759, 764 (Mo. 1996)). Indeed, "[a]gency means more than mere passive permission; it involves request, instruction, or command." *Taco Bell Corp.*, 879 F. Supp. 2d at 1085. Thus, to hold a third party vicariously liable for telephone calls allegedly made in violation of Section 227(b)(1)(B) of the TCPA, a plaintiff must plead facts sufficient to show that the third party controlled, or had the right to control, "the manner and means of the [telephone] campaign [the telemarketer] conducted." *Id.* at 1084.

Because the absence of control "defeats the purported agency relationship," *Ford Motor Co.*, 63 S.W.3d at 642, and because allegations sufficient to show an agency relationship are necessary to establish vicarious liability, courts dismiss claims against defendants who exercised

---

[2]    Missouri law has adopted the Restatement definition of agency. *State ex rel. Ford Motor Co. v. Bacon*, 63 S.W.3d 641, 642 (Mo. 2002). "The federal common law of agency is in accord with the Restatement." *Addison Automatics, Inc. v. RTC Group, Inc.*, No. 12C9869, 2013 WL 3771423, at *4 (N.D. Ill. July 16, 2013).

4

no control over the telemarketers who made the allegedly unlawful calls. *See Smith v. State Farm Mut. Auto. Ins. Co.*, No. 13cv2018, 2013 WL 5346430, at *1-6 (N.D. Ill. Sept. 23, 2013) (granting motion to dismiss, holding that plaintiff "has failed to sufficiently allege facts to support vicarious liability under Section 227(b) of the TCPA"); *Mais v. Gulf Coast Collection Bureau, Inc.*, 944 F. Supp. 2d 1226, 1243-45 (S.D. Fla. 2013) (defendants could not be held vicariously liable because they did not exercise or have the right to exercise control over party who made the calls); *Taco Bell Corp.*, 879 F. Supp. 2d at 1084 (declining to hold defendant vicariously liable for TCPA violation where plaintiff failed to show that defendant had the right to, and manner and means to, control the text message campaign at issue); *Mey v. Pinnacle Sec., LLC*, No. 5:11cv47, 2012 WL 4009718, at *5-6 (N.D. W.Va. Sept. 12, 2012) (defendant could not be held vicariously liable because it had "little to no control over the means or manner by which these companies generate sales leads," and at most played a "passive role" in the alleged TCPA violation); *Ritter*, 987 S.W.2d at 385-86 (affirming award of summary judgment in favor of defendant, rejecting plaintiff's theory of vicarious liability); *Friedman v. Massage Envy Franchising, LLC*, No. 3:12cv02962, 2013 WL 3026641, at *3-5 (S.D. Cal. June 13, 2013) (granting motions to dismiss TCPA complaint, finding that plaintiffs failed to plead facts supporting agency allegations).

Here, plaintiffs fail to allege that Courage 2012 and Mission City are vicariously liable for ccAdvertising's calls. Plaintiffs allege no facts supporting any agency relationship. Plaintiffs do not allege that Courage 2012 or Mission City authorized ccAdvertising to act on their behalf, do not allege that ccAdvertising agreed to act on their behalf, do not allege that Courage 2012 or Mission City instructed ccAdvertising to make any of the calls, and do not allege that Courage 2012 or Mission City directed or controlled the manner or means in which ccAdvertising made

5

the calls. Plaintiffs allege only one specific fact as to Courage: that it owned the film, Last Ounce of Courage. (ECF No. 4 at ¶ 27.) But Courage's ownership interest in the film has no bearing on whether it exercised any control over ccAdvertising's calls. *Sedalia Mercantile Bank & Trust Co. v. Loges Farms, Inc.*, 740 S.W.2d 188, 202 (W.D. Mo. 1987) ("Nor does the existence of a parent-subsidiary relationship, without more, subject a parent corporation to liability for the acts of the subsidiary.").

Likewise, plaintiffs allege only one additional specific fact with respect to Mission City: "Mission City Management made an investment of $10,000,000 to market Last Ounce of Courage." (ECF No. 4 ¶ 26.) Even accepting this allegation as true, it fails to support any claim that Mission City is vicariously liable for the calls because authorization and release of funds does not establish control over the manner and means of calls under the TCPA. *Taco Bell Corp.*, 879 F. Supp. 2d at 1085. In fact, courts have rejected the simplistic "purse strings" theory plaintiffs offer here. *Id.* at 1085-86 (declining to find the defendant vicariously liable for text messages allegedly sent in violation of the TCPA and expressly holding that "knowledge, approval, and fund administration do not amount to controlling the manner and means of the text message campaign"); *see also Sedalia Mercantile Bank & Trust Co.*, 740 S.W.2d at 202 ("Other factors which, alone, do not an agency situation create are the parent corporation's financing of the subsidiary operations.").

Plaintiffs' allegation that defendant Dr. James Leininger "is a manager of Mission City Management" fails to save plaintiffs' claims against Mission City. (ECF No. 4 at ¶ 15.) As to Dr. Leininger, plaintiffs allege only that: (1) Dr. Leininger introduced ccAdvertising to Veritas defendants, the companies that produced and marketed the film; (2) Dr. Leininger introduced defendant Steve Griffin to defendant Mike Huckabee, the former Arkansas Governor (the calls

6

used Governor Huckabee's prerecorded voice); (3) ccAdvertising's principal copied Dr. Leininger on certain email communications; (4) Dr. Leininger received a "test call of the Huckabee call for Last Ounce of Courage;" and (5) Dr. Leininger wanted changes to the call script. (ECF No. 4 at ¶¶ 29, 31, 33, 48, 49.)  Making introductions, receiving emails and a test call, and wanting changes to the script do not constitute any right to, or actual control over, the manner or means of the calls, nor do they create any principal-agent relationship.  *Charvat v. Farmers Ins. Columbus, Inc.*, 897 N.E.2d 167, 179 (Ohio Ct. App. 2008) ("The . . . TCPA do[es] not impose liability for receiving a calling list that contains names and numbers . . . or impose liability for editing the script to be followed by the telemarketers . . . .").  Thus, plaintiffs cannot rely on Dr. Leininger's status as a Mission City "manager" or the conduct alleged against Dr. Leinenger to state a TCPA claim against Mission City.

## II.     Plaintiffs Failed to State a Do Not Call Claim Against Mission City and Courage 2012.

To state a Do Not Call claim against Mission City and Courage 2012, plaintiffs must allege that these defendants made or "cause[d] to made any telephone solicitation to any residential subscriber in this state who has given notice to the attorney general, in accordance with the rules promulgated pursuant to section 407.1101 of such subscriber's objection to receiving telephone solicitations." Mo. Rev. Stat. § 407.1098.  Mission City and Courage 2012 did not make any of the calls, and they had no right to control and did not control the manner or means associated with making the calls.  Thus, even assuming the truth of the allegations in the complaint, Mission City and Courage cannot be held liable for the alleged Do Not Call violations for the same reasons they cannot be held liable for the alleged TCPA violations.

DB04/1001663.0002/10341642.1

**III.      Plaintiffs' Conclusory Group Pleading Fails to Salvage the Complaint.**

Plaintiffs' conclusory allegations lumping Mission City and Courage 2012 together with the other ten defendants do not and cannot save plaintiffs' claims. "[A] plaintiff's obligation to provide the grounds of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts are "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences, and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002); *see also In re Sony PS3 Other OS Litig.,* 828 F. Supp. 2d 1125, 1128 (N.D. Cal. 2011) ("legal conclusions are not accepted as true and '[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice'") (quoting *Iqbal,* 556 U.S. at 678).

Likewise, where a complaint involves multiple parties and claims, plaintiffs must clearly explain which defendant or defendants are alleged to have committed which act and which wrong. *See Wong v. Bann-Cor Mortg.*, No. 10-cv-1038, 2011 WL 2314198, at *12 (W.D. Mo. June 9, 2011) ("lumping [] all defendants together into one category results in the reader being unable to determine the exact theory of liability as to each separate defendant"). "Although Fed. R. Civ. P. 8 does not demand that a complaint be a model of clarity or exhaustively present the facts alleged, it requires, at a minimum, that a complaint give each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (quoting *Ferro v. Ry. Express Agency, Inc.*, 296 F.2d 847, 851 (2d Cir. 1961)). If the complaint "simply lumps the Defendants together despite that they are

8

separate and distinct legal entities," so that it fails to allege which party's conduct caused the purported violations, the defendants "do not have fair notice of the precise nature of the violation that is claimed against them." *Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1374-75 (S.D. Fla. 2011). "This lumping technique creates confusion and make[s] the analysis of the complaint unnecessarily burdensome, and results in . . . making accusations that are just not accurate." *Court Appointed Receiver of Lancer Offshore, Inc. v. Citco Group, Ltd.*, No. 05-60080-CIV, 2011 WL 1233126, at *2 (S.D. Fla. Mar. 30, 2011) (internal quotations omitted). Moreover, this pleading technique "does not adequately explain under what theory of liability" the plaintiffs are proceeding with respect to each defendant, and creates a ground to dismiss the complaint. *Cellco P'ship v. Plaza Resorts Inc.*, No. 12-81238-CIV, 2013 WL 5436553, at *6-7 (S.D. Fla. Sept. 27, 2013) (granting motion to dismiss TCPA claim).

Plaintiffs' allegations lumping "defendants" together—*e.g.*, "each Defendant materially and substantively contributed to the creation and making of the telemarketing campaign that is the subject of this lawsuit," and "Defendants each participated in this marketing scheme with full knowledge that the telephone calls that were made would be recorded ahead of time and played when recipients or their voice mail picked up the phone"—are mere "labels and conclusions" under *Twombly*, and constitute improper group pleading. (ECF No. 4 at ¶¶ 32, 36.) Plaintiffs allege that defendants are legally distinct entities, yet nevertheless improperly lump all "defendants" together in each cause of action. (ECF No. 4 at ¶¶ 32, 36, 37, 61, 65.) The complaint itself alleges that only ccAdvertising and Joseph initiated the calls, yet plaintiffs nevertheless purport to allege two causes of action against all "defendants," lumped together. (ECF No. 4 at ¶¶ 32, 36, 37, 57, 61, 65.) As set forth above, however, the complaint lacks specific factual allegations of agency or vicarious liability as to Mission City and Courage. And,

9

allegations like "each Defendant materially and substantively contributed to the creation and making of the telemarketing campaign that is the subject of this lawsuit" are, in addition to being irrelevant, conclusory and do not come close to meeting *Twombly's* specific pleading requirements. Thus, the complaint fails to set forth any facts that specifically allege how or whether Mission City or Courage 2012 initiated the calls or may be held vicariously liable for the calls, and the Court should dismiss Mission City and Courage 2012 with prejudice.

**IV.    The Court Should Dismiss Mission City and Courage 2012 Without Leave to Amend.**

The Court should dismiss the complaint without leave to amend because any amendment would be futile. "Leave to amend should be denied if the proposed amended pleading would be futile." *Wiles*, 280 F.3d at 871 (affirming denial of plaintiff's motion for leave to amend complaint because amendment was futile). "An amendment is futile if 'the amended [pleading] could not withstand a motion to dismiss pursuant to Rule 12.'" *Lexington Ins. Co. v. S&N Display Fireworks, Inc.*, No. 1:11-cv-40, 2011 WL 5330744, at *2 (E.D. Mo. Nov. 7, 2011) (denying motion for leave to amend as futile) (quoting *Bakhtiari v. Beyer*, No. 4:06-cv-01489, 2008 WL 3200820, at *1 (E.D. Mo. 2008) (denying motion for leave to amend as futile)).

Here, plaintiffs filed their initial complaint in state court on October 3, 2012, and thereafter conducted comprehensive written and oral discovery from Griffin, Veritas, ccAdvertising, and Joseph. Over the last fifteen months – and as their amended complaint confirms – plaintiffs learned that ccAdvertising made the calls and controlled the manner and means associated with making the calls. (ECF No. 4 at ¶¶ 29, 33, 38, 41, 44, 48-50, 56-57, 64.) Although they discovered Mission City and Courage 2012 during discovery, plaintiffs have unearthed no facts showing that Mission City or Courage 2012 could be liable for the calls or else plaintiffs would have included those facts. Thus, any amendment as to Mission City and

10

Courage 2012 would be futile, and would not withstand a Rule 12 motion.    Accordingly, the Court should dismiss Mission City and Courage 2012 without leave to amend.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Mission City and Courage 2012 with prejudice.


Dated:  January 31, 2014                                       Respectfully submitted,


                                                   **VENABLE LLP**

/s/ Ronald M. Jacobs
Ronald M. Jacobs, *pro hac vice*
Molly T. Cusson, *pro hac vice*
Ari N. Rothman, *Admission Pending*
575 7th Street, NW
Washington, DC  20004
Telephone:  (202) 344-4000
Facsimile:  (202) 344-8300
rmjacobs@venable.com
mtcusson@venable.com
anrothman@venable.com

and

**STINSON LEONARD STREET LLP**

Cicely I. Lubben #53897
Kimberly M. Steuterman #59609
Stinson Leonard Street LLP
cicely.lubben@stinsonleonard.com
kimberly.steuterman@stinsonleonard.com
7700 Forsyth Boulevard, Suite 1100
St. Louis, MO 63105
Telephone:  (314) 863-0800
Facsimile:  (314) 863-9388

*Attorneys for Defendants*
*Mission City Management, Inc. and*
*Courage 2012, LLC*

11

## **CERTIFICATE OF SERVICE**

This is to certify that on this 31st day of January, 2014 this document was electronically filed via the Court's CM/ECF system and served on all counsel of record who will receive a notification of such filing by email.

                                      /s/ Ronald M. Jacobs
                                      *Counsel for Defendants*
                                      *Mission City Management, Inc. and*
                                      *Courage 2012, LLC*