UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RON GOLAN, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV00069 ERW |
| | ) | |
| VERITAS ENTERTAINMENT, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Motion for Leave to File the Attached Third Amended Class Action Complaint [ECF No. 148] and Plaintiff Ron Golan's Motion to Compel, Against Defendants Freeeats.com, Inc., AIC Communications, LLC, and Gabriel S. Joseph, III, Documents from Defendants' Responsive to Requests Numbers 1-5 of the First Set of Document Requests Dispatched to Defendants [ECF No. 151].

*A.  Motion for Leave to File Amended Complaint*

Plaintiffs Ron and Dorit Golan ("Plaintiffs") seek leave to file a third amended complaint which removes Defendants who have been previously dismissed by the Court, adds allegations of intrusions and harms caused by Defendants, and adds allegations of an automatic telephone dialing system. Defendants objected, arguing the amendment to include allegations of an automatic telephone dialing system would be futile. Defendants claim the Telephone Consumer Protection Act does not prohibit the use of auto-dialers when calling residential telephone lines and Plaintiffs' complaint only includes allegations of calls to residential telephone lines. Defendants further object to the filing of the third amended complaint because the addition of the automatic telephone allegations will increase the scope of discovery, delay resolution of

1

litigation and increase defense costs. In response to Defendants' opposition, Plaintiffs removed the allegations regarding an automatic telephone dialing system from the third amended complaint.

Because Plaintiffs removed the allegations which concern Defendants' objections to the filing of the third amended complaint, and no other objections were filed, the Court will permit Plaintiffs to file their third amended complaint.

  *B.*  *Motion to Compel*

Plaintiffs' Motion to Compel asks the Court to require Defendants Freeeats.com, Inc., AIC Communications, LLC, and Gabriel S. Joseph, III ("Defendants") to produce an electronic list of all people illegally called by Defendants in this matter and for copies of summary reports prepared by Defendants which describe the magnitude of those called, what was asked of those who were called, and the responses the called people made. Defendants argue the motion should be denied because Plaintiffs failed to meet and confer with Defendants, the law of the case prevents re-litigation of this discovery dispute, and Defendant ccAdvertising already produced the summary reports Plaintiffs are requesting.

Plaintiffs' First Set of Document Requests, for which they are seeking to compel responses, states:

> Request (1): Please produce (without redaction) all documents which state the name or telephone number for some or all of those households or persons telephoned by Defendant AIC Communications, LLC for the Last Ounce of Courage movie campaign.
>
> Request (2): Please produce (without redaction) the complete Final Report for the USA-Stand USA-Survey 1 campaign which ran from August 14 to August 16, 2012.
>
> Request (5): Please produce (without redaction) the complete Results Data – One or More Report for the USA-Stand USA-Survey 1 campaign which ran from August 14 to August 16, 2012.

2

Plaintiffs claim they need the information in Request 1 to certify the class. Plaintiffs must be able to contact consumers who were called by Defendants to properly assert and argue their motion for class certification. A key issue in this matter is whether consumers consented to receive the telephone calls. Plaintiffs are not seeking information regarding class members to establish how many are in the class, or the numerosity of the class. *See Drake v. Aerotek, Inc.*, No. 14-CV-216-bbc, 2014 WL 7408715 at *2 (W.D. Wis. Dec. 30, 2014) (discovery before class certification may be necessary to determine typicality and commonality but not for determination of numerosity.).

Defendants argue the state court, which handled this case before it was removed to this Court, rejected Plaintiffs' request for this same information before class certification and therefore, the law of case doctrine prevents it from being relitigated. Defendants also argue the decisions of the state court are enforceable in federal court after removal.

"All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. Additionally, the law of case doctrine prevents relitigation of a settled issue in a case. *Gander Mountain Co. v. Cabela's, Inc.*, 540 F.3d 827, 830 (8th Cir. 2008). The principle of the doctrine is when a court makes a decision, the decision should continue to govern the same issues throughout the entirety of the case. *Id*. In the district court, it applies only to final decisions, not interlocutory orders. *Id*.

In October 2013, the state court denied Plaintiffs' motion to compel potential class members' telephone numbers until after class certification. ECF No. 160-1. This is an interlocutory order which can be modified by this Court. A federal court is free to reconsider a state court order and treat it as it would any other interlocutory order; it is not entitled to

deference. *Brown v. K-MAC Enter.*, 897 F. Supp. 2d 1098, 1103 (N.D. Ok. 2012); *see also First Atlantic Leasing Corp. v. Tracey,* 128 F.R.D. 51, 54 (D. N.J. 1989); *Laney v. Schneider Nat. Carriers, Inc.*, 259 F.R.D. 562, 564-65 (N.D. Ok. 2009). This Court is not prohibited from considering this issue.

The Eighth Circuit has endorsed broad discovery prior to class certification. *Labrier v. State Farm Fire & Casualty Co.*, 314 F.R.D. 637, 641 (W.D. Mo. 2016) (citing *Johnson v. Nekoosa-Edwards Paper Co.*, 558 F.2d 841, 845 n.5 (8th Cir. 1977)). The burden is on the party resisting discovery to explain why it should be limited. *Id*. Because Defendants have provided no other reasons beyond the law of case doctrine, Defendants have not met their burden for limiting discovery. This Court finds the discovery requested is needed to determine issues of typicality and commonality in class certification. Defendants shall produce the requested information within twenty-one days of this order.

The final remaining issue in Plaintiffs' Motion to Compel is the summary reports contained in Requests 2 and 5. Defendants assert these reports have already been produced in prior discovery. If this is not true, Plaintiffs will be permitted to renew their Motion to Compel as it relates to these requests. Otherwise, the Court will deny this portion of the Motion to Compel, as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to File the Attached Third Amended Class Action Complaint [ECF No. 148] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Ron Golan's Motion to Compel, Against Defendants Freeeats.com, Inc., AIC Communications, LLC, and Gabriel S. Joseph, III, Documents from Defendants' Responsive to Requests Numbers 1-5 of the First Set of Document Requests Dispatched to Defendants [ECF No. 151] is **GRANTED, in part,** and **DENIED, in part.**

Dated this 5th Day of October, 2016.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE