UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RON GOLAN, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV00069 ERW |
| | ) | |
| VERITAS ENTERTAINMENT, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Motion to Compel Interrogatory Responses [ECF No. 218].

In their Motion to Compel, Defendants Dr. James Leininger, Courage 2012, LLC, and Mission City Management, Inc. ("Defendants") ask the Court to order Plaintiff Ron and Dorit Golan ("Plaintiffs") to provide responses to the following interrogatories: for Leininger, numbers 3-7, 12-16, 18-23; for Courage 2012, numbers 3, 5, 6, and 8; and for Mission City, numbers 3, 5, 6, 8, and 10. These interrogatories focus around two main topics of inquiry. First, facts Plaintiffs claim make Defendants responsible for the calls at issue, and second, facts showing why Defendants are principals of the parties who placed the calls, ccAdvertising and Gabe Joseph. Almost all of the interrogatories begin, "List all facts showing . . ."[1] Plaintiffs object to these interrogatories as overbroad, burdensome, and not reasonably likely to lead to the discovery of admissible evidence. Plaintiffs further assert these interrogatories would require a response "of short-story length." Plaintiffs argue these violate the work product privilege and would take more than a month for them to answer.

---

[1] Attached, as Exhibit One, are a list of all of the interrogatories at issue in this Motion.

1

Defendants' interrogatories are commonly called contention interrogatories, which ask for one party to indicate all of the facts on which it bases its allegations, or to explain how the law applies to the facts. *White v. 14051 Manchester Inc.*, No. 412CV469 JAR, 2012 WL 5994263 at *9 (E.D. Mo. Nov. 20, 2012). These types of interrogatories are permissible because they narrow and sharpen the issues for trial by pinning the plaintiff down on particular issues and identifying the factual basis for those positions. *Heubel Material Handling, Inc. v. Universal Underwriters Ins. Co.*, No. 4:10-CV-00102-DGK, 2011 U.S. Dist. LEXIS 31359 at *3 (W.D. Mo. Mar. 25, 2011). However, these interrogatories may get burdensome, or become overly broad depending on the context of the case.

In this matter, there are a number of contention interrogatories for Plaintiffs to answer. Although they are similar in nature, they involve different Defendants. The Court can understand how this can easily become overly burdensome. Therefore, the Court will require Plaintiffs to answer the interrogatories but will limit the responses to the principal or material facts supporting Plaintiffs' allegations referenced in the interrogatory. *See Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006) ("The general rule in this court is that interrogatories may ask for the principal or material facts which support an allegation or defense."). In determining what is principal or material, the parties shall abide by Federal Rule of Civil Procedure 26(a) which states: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." If Plaintiffs believe a response is privileged or protected by the work-product doctrine, Plaintiffs shall detail those objections in a privilege log.

Plaintiffs shall respond to Defendants' interrogatories within twenty (20) days of this order. Dispositive motions are currently due by March 10, 2017. The Court will extend this deadline to March 31, 2017, to accommodate this order.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel Interrogatory Responses [ECF No. 218] is **GRANTED**.

Dated this 22nd Day of February, 2017.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

# EXHIBIT A

**Interrogatories Propounded Dr. Leininger**

No. 3: List all facts showing that Leininger reasonably believed that he had authority to approve, control or authorize any aspect of the telephone campaign, including the script for the telephone campaign.

No. 4. List all facts showing that Leininger was the principal of CCAdvertising or Gabe Joseph (or both).

No. 5. List all facts showing that Leininger authorized, permitted, affirmed, or ratified the calls at issue in this lawsuit, including all facts that Leininger knew that the telephone calls would be recorded ahead of time and that he instructed the calls to be made.

No. 6. If you contend that Leininger had authority to direct, permit or control the telephone campaign in any way than list all facts showing the source of that authority and identify all documents concerning the source of that authority.

No. 7. List all facts showing that Leininger controlled when and whether the calls for the telephone campaign would be made, and to which numbers the calls would be made.

No. 12. List all facts showing Leininger's involvement in, and responsibility and liability for, the telephone campaign including any involvement he had in reviewing, drafting, or revising the script for the telephone campaign.

No. 13. List all facts supporting your contention that Leininger was authorized to review, modify, or otherwise control the script for the telephone campaign.

No. 14. List all facts supporting your contention that Leininger invested his own money to promote Last Ounce of Courage.

No. 15. List all facts supporting your contention that Leininger invested money through his companies to promote Last Ounce of Courage.

No. 16. List all facts showing Gabe Joseph's and ccAdvertising's involvement in the telephone campaign, including each's involvement in the script for the telephone campaign.

No. 18. List all facts showing Leininger received "a test call of the Huckabee call for Last Ounce of Courage" as alleged in paragraph 48 of the complaint.

No. 19. List all facts showing that Leininger "liked the Huckabee call and script" as alleged in paragraph 49 of the complaint.

No. 20. List all facts showing that Leininger was "anxious to get people to the movie permission segment" of the telephone campaign script as alleged in paragraph 49 of the complaint.

No. 21. List all facts showing that Leininger "wanted the 4 million illegal telephone calls to occur to advertise the movie, Last Ounce of Courage" as alleged in paragraph 58 of the complaint.

No. 22. List all facts showing that Leininger committed an impermissible delegation of duty by having and helping other defendants conduct the telephone campaign.

No. 23. List all facts showing that Leininger "specifically directed the script to be shorter, to go directly from Segment 2 to Segment 5, and to skip the questions in between" as alleged in paragraph 49 of the complaint.

**Interrogatories Propounded by Courage 2012**

No. 3. List all facts reflecting that Courage 2012's involvement in, and responsibility for, the telephone campaign. Identify all documents reflecting this involvement and responsibility.

No. 5. List all facts showing that Courage 2012 reasonably believed it had authority to approve or authorize any aspect of the telephone campaign, including the script for the telephone campaign.

No. 6. List all facts showing that Courage 2012 was the principal of ccAdvertising or Gabe Joseph (or both).

No. 8. List all facts showing that defendant Leininger acted as an agent for Courage 2012.

**Interrogatories Propounded by Mission City**

No. 3. List all facts supporting your contention that Mission City was authorized to review, modify, or otherwise control the script for the telephone campaign.

No. 5. List all facts showing that Mission City reasonably believed it had the authority to approve or authorize any aspect of the telephone campaign, including the script for the telephone campaign.

No. 6. List all facts showing that Mission City was the principal of ccAdvertising or Gabe Joseph (or both).

No. 8. List all facts showing that Leininger acted as an agent for Mission City.

No. 10. List all facts showing that defendant Leininger is or was a manager of Mission City.