# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RON GOLAN, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV00069 ERW |
| | ) | |
| VERITAS ENTERTAINMENT, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Notice Plan [ECF No. 329].

On January 18, 2017, the Court granted Plaintiffs' Motion for Class Certification. The Court certified the class pursuant to Federal Rule of Civil Procedure ("FRCP") 23(b)(3). The Court ordered Plaintiffs to file a notice plan, no later than May 5, 2017.

Plaintiffs' propose to utilize Dahl Administration, LLC as a third-party notice administrator for the distribution of the class notice in this litigation. Plaintiffs propose the following plan for notice to be sent to potential class members. Postcard notices will be sent to the 307,730 mailing addresses provided by Defendants. For the remaining list of telephone numbers provided by Defendants, Dahl will perform reverse lookups [1] to obtain email and/or mailing address information. Email notice will be sent to the email addresses found by the reverse lookup. For any email notice undeliverable, a postcard notice will be sent if a mailing address is associated with the record. If a postcard notice is returned as undeliverable, Dahl will re-send the postcard notice to a forwarding address or conduct an address trace to find in updated address. Additionally, a website will be maintained by Dahl which includes information about

---

[1] Reverse look-up is a process where proprietary databases are searched to find email and/or mailing addresses associated with specific telephone numbers.

1

the litigation, class notice, a schedule with upcoming court deadlines, and appropriate pleadings. Finally, a telephone information line will be set up where potential class members have the ability to leave a voice message to be returned by Dahl staff. The fees of Plaintiffs' proposed notice plan are approximately $900,000.

Defendants object to the plan for several reasons. First, Defendants state first-class mail is required for notice in this litigation. According to Defendants, under Plaintiffs' plan, postcard notices are sent only if there is no email address available or the email is undeliverable. Additionally, Defendants assert Plaintiffs did not provide a timeline for notice, and although their summary judgment motions claim there are four million potential class members, Plaintiffs notice plan only provides for 2.5 million notices to be sent. Defendants propose the following improvements be made to the notice plan: (1) postcard notice be sent to all known mailing addresses; (2) email notice be sent to all known email addresses; (3) notice via internet and print designed to send members to the website; (4) schedule be established to timely implement notice before trial.

Although the Court mostly agrees with the notice plan submitted by Plaintiffs, there are a few areas which need to be corrected for notice to comply with Federal Rule of Civil Procedure ("FRCP") 23(c)(2)(B). Notice in a class action must be the "best practicable, reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). Individual notice must be provided to those class members who are identifiable through reasonable effort. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 175 (1974). For actions certified under FRCP 23(b)(3), as in this case, the following must be included in the notice: (1) the nature of the action; (2) definition of the certified class; (3) the class claims,

issues, or defenses; (4) that a class member may enter an appearance through an attorney; (5) the court will exclude any member who requests exclusion; (6) the time and manner for requesting exclusion; and (7) the binding effect of a class judgment on members under Rule 23(c)(3). Fed. R. Civ. Pro. 23(c)(2)(B)(i)-(vii).

There is no objection by Defendants to the language included in the proposed postcard notice, email notice, and notice to be published on the website. The Court has carefully reviewed this language and finds it meets the requirements of Rule 23(c)(2)(B).

Postcard notice to the 307,730 known mailing addresses is approved by the Court. The Court also approves of the reverse lookup process for the information contained in the data file that did not include mailing addresses to obtain email addresses and mailing addresses. The method reasonably calculated, under all the circumstances, to provide the best practicable notice is to send postcard notice to as many mailing addresses as possible. Defendant had no electronic communication with potential class members; therefore, notice through mailing addresses will likely be more reliable than email notification. However, the Court understands there may be telephone numbers where an email address and not a mailing address is obtained through the reverse lookup process. For those numbers, where a mailing address cannot be found, notification through email is appropriate. *See Phelps v. MC Commc'ns Inc.*, No. 2:11-CV-00423-PMP-LRL, 2011 WL 3298414 at *6 (D. Nev. Aug. 1, 2011) ("Email is an efficient, reasonable, low-cost supplemental form of notice"). Plaintiffs shall use an electronic read-receipt function, which will indicate when an email is open and read, for the email notifications. The Court does not believe double notification, to mailing addresses and email addresses, is necessary as suggested by Defendants. In addition, the Court approves of the plan to create a website where pertinent information related to the lawsuit is available.

Before the Court can approve of Plaintiffs' notice plan, Plaintiffs' must supplement their notice plan to fix a glaring omission. Nowhere in Plaintiffs' plan have they submitted a timeline for when notice will be sent or when potential class members will need to submit requests for exclusion from the class. Plaintiffs must submit proposed dates for their notice plan no later than May 30, 2017. Defendants may file a response to Plaintiffs' proposed dates no later than June 2, 2017, and Plaintiffs shall reply no later than June 6, 2017. The shortened briefing schedule is due to the impending trial date and the need to provide notice to potential class members as soon as possible.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Notice Plan [ECF No. 329] is **GRANTED, in part,** and **DENIED, in part**.

**IT IS FURTHER ORDERED** that Plaintiffs shall file proposed dates for their notice plan no later than May 30, 2017, Defendants shall file a response no later than June 2, 2017, and Plaintiffs shall file a reply no later than June 6, 2017.

Dated this 24th Day of May, 2017.

*E. Richard Webber*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE