IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **RON GOLAN and DORIT GOLAN,** individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**VERITAS ENTERTAINMENT, LLC,** *et al.***,**<br><br>Defendants. | Case No. 4:14-cv-00069-ERW |

## PLAINTIFFS' TRIAL BRIEF

This is a one issue trial: vicarious liability.  Defendants concede that ccAdvertising initiated 3,242,493 telephone calls to residential telephone lines (including two to the Golans) using a prerecorded voice. [ECF No. 272 ¶¶ 137-138; ECF No. 209-3].  This Court held that those calls were telemarketing and that Defendants did not obtain consent to place the calls. *Golan v. Veritas Entertainment, LLC*, No. 4:14CV00069 ERW, 2017 WL 2861671, at *6-8 (E.D. Mo. July 5, 2017).  "The TCPA is a strict liability statute and so it does not require any intent for liability." *Krakauer v. Dish Network L.L.C.*, No. 1:14-CV-333, 2017 WL 2242952, at *1 (M.D.N.C. May 22, 2017).   Damages are fixed by statute at $500 per call.[1] 47 U.S.C. § 227(b)(3).  Nothing more is required to enter a verdict against ccAdvertising.  47 U.S.C. § 227(b)(1)(B).

Mr. Gabriel Joseph, the owner and operator of ccAdvertising, admits that he was in charge of the telephone campaign.  *See, e.g.,* Deposition of Gabriel Joseph, p. 121:16-18,

---

[1] Plaintiffs are not pursuing treble damages, which this Court may award if the defendants willfully or knowingly violated the TCPA. *See* 47 U.S.C. § 227(b)(3).

1

attached as Exhibit 1. "[C]orporate actors may be held individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." *Ott v. Mortgage Investors Corp. of Ohio, Inc.*, 65 F. Supp. 3d 1046, 1060 (D. Ore. 2014) (internal quotations and citations omitted). Thus, nothing more is required to enter a verdict against Mr. Joseph.

The liability of the remaining defendants rests on principals of agency and ratification. This Court is, obviously, familiar with the applicable law. *See Golan v. Veritas Entertainment, LLC*, No. 4:14CV00069 ERW, 2017 WL 2861671, at *10 (E.D. Mo. July 5, 2017). Thus, for each defendant, two questions remain for the jury: (1) did the defendant have the ability, even if unexercised, to oversee the telemarketing campaign and (2) did the defendant knowingly[2] accept the benefits of the telemarketing campaign. *In the Matter of the Joint Petition filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6593 (2013); *Kristensen v. Credit Payment Servs. Inc.*, No. 2:12-CV-00528-APG, 2015 WL 4477425, at *3 (D. Nev. July 20, 2015). A *yes* to either question establishes liability.

Veritas Marketing Group, LLC and Mr. Stephen Wayne Griffin, its president, have not seriously disputed their participation in or ability to oversee the telephone campaign. Nor could they. Thus, Plaintiffs anticipate being able to secure a directed verdict against these defendants.

Mr. Griffin and Dr. James Leininger were officers of Courage 2012, LLC—the company that owns the movie. Thus, that entity's fate rests on imputing Mr. Griffin's or Dr. Leininger's actions to Courage 2012—something Dr. Leininger has already admitted. *See* Deposition of Dr. Leininger, pp. 61:21-62:1, attached as Exhibit 2.

---

[2] Defined as "(1) have actual knowledge of all material facts about the agent's act or (2) should have known of the actual facts because a reasonable person under the circumstances would have investigated further." *Kristensen v. Credit Payment Servs. Inc.*, No. 2:12-CV-00528-APG, 2015 WL 4477425, at *3 (D. Nev. July 20, 2015).

Finally, despite overwhelming evidence to the contrary, Dr. Leininger contends that he neither had the ability to oversee the campaign, nor ratified the campaign.  Thus, it should come as no surprise that these will be the central issues at trial.

Respectfully submitted,

**THE SIMON LAW FIRM, P.C.**

/s/ Kevin M. Carnie, Jr.
John G. Simon, #35231MO
Kevin M. Carnie, Jr., #60979MO
800 Market Street, Suite 1700
St. Louis, Missouri 63101
P. 314.241.2929
F. 314.241.2029
jsimon@simonlawpc.com
kcarnie@simonlawpc.com


**SCHULTZ & ASSOCIATES LLP**
Robert Schultz, #35329MO
Ronald J. Eisenberg, #48674MO
640 Cepi Drive, Suite A
Chesterfield, MO  63005
636-537-4645
Fax:  636-537-2599
rschultz@sl-lawyers.com
reisenberg@sl-lawyers.com

**WILLIAMS KHERKER HART BOUNDAS, LLP**
Brian Abramson, *Pro Hac Vice*
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
713.230.2200

*ATTORNEYS FOR PLAINTIFFS*

## **CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing was served upon all counsel of record this 17th day of July, 2017 via the court's CM/ECF system.

                */s/ Kevin M. Carnie, Jr.*
                Kevin M. Carnie, Jr.