**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| RON GOLAN and DORIT GOLAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>VERITAS ENTERTAINMENT, LLC, *et al.*,<br><br>Defendants. | Case No. 4:14-cv-0069-ERW<br><br>Judge E. Richard Webber |

**TRIAL BRIEF OF DEFENDANTS**

In accordance with the Case Management Order (ECF No. 143), defendants FreeEats.com, Inc., AIC Communications, LLC (together "ccAdvertising"), Gabriel S. Joseph, III, Veritas Marketing Group, LLC, Steven Wayne Griffin, Courage 2012, LLC, and Dr. James R. Leininger respectfully submit this Trial Brief. The issues remaining in this case are well-defined from the recent summary judgment briefings and the Court's order dated July 5, 2017, and the defendants only summarize them briefly here.

I.   **INTRODUCTION**

This is a TCPA case in which plaintiffs seek to hold defendants directly and vicariously liable for the call campaign conducted by ccAdvertising. The court granted two of plaintiffs' summary judgment motions, ruling that ccAdvertising did not have prior express consent to call the recipients and that the calls constitute telemarketing. (ECF No. 367 at 15, 17). Plaintiffs seek to hold ccAdvertising directly liable for any TCPA violations that occurred during the telephone

1

campaign, and the remaining defendants vicariously liable for any TCPA violations that occurred during the telephone campaign.

## II. PLAINTIFFS' CLAIMS

Plaintiffs asserted that all defendants "were part of a scheme to violate the TCPA by calling four million American homes, with many homes being called more than once, with a prerecorded voice of Mike Huckabee, with each call being a violation of the TCPA." (ECF No. 185, at 3.) By virtue of the Court's summary judgment rulings, plaintiffs, for purposes of trial, have established that the calls constitute telemarketing and that ccAdvertising, the only defendant that is a direct dialer, did not have requisite prior express consent to contact the call recipients. (ECF No. 367, at 21.)

Plaintiffs' claims against defendants who were not direct dialers, i.e. those defendants other than ccAdvertising that did not make the calls, rest on whether any of those defendants can be held vicariously liable for any statutory violation. As to the corporate defendants, plaintiffs claim that they have an agency relationship with ccAdvertising and should be held vicariously liable as principals who controlled the manner and means of ccAdvertising's conduct. As to the individual defendants, plaintiffs claim that they should be held personally liable as corporate officers of those non-direct dialing corporate entities.

## III. DEFENSES

### a. ccAdvertising

Defendant ccAdvertising contends that Plaintiffs will not be able to prove at trial that it conducted the campaign with the requisite knowledge and willful intent necessary to sustain an award of treble damages or to sustain what would constitute a constitutional award of statutory damages.

### b. Gabriel S. Joseph, III

Defendant Joseph contends that plaintiffs will not be able to prove at trial that he should be held liable as a corporate officer of ccAdvertising. U.S. Supreme Court precedent squarely holds that "in the absence of special circumstances it is the corporation, not its owner or officer, who is the principal or employer, and thus subject to vicarious liability for torts committed by its employees or agents." *Meyer v. Holley*, 537 U.S. 280, 286 (2003). Thus, in order to be held liable, plaintiffs must prove that Joseph should not be afforded the protection normally afforded to officers and shareholders of companies and instead should be held liable in his personal capacity. Joseph intends to show that he should be afforded such protection, as he believed his involvement in the telephone campaign was compliant with the TCPA. Joseph selected call recipients from a database of numbers who had previously expressed that they were receptive to future calls from ccAdvertising and the campaign collected informative data that improved ccAdvertising's business model.

### c. Veritas Marketing Group, LLC

Veritas Marketing Group, LLC contends that Plaintiffs will not be able to prove at trial that it entered into any agency relationship with ccAdvertising or with Gabe Joseph with respect to the telephone campaign. Veritas Marketing Group maintains that ccAdvertising was an independent contractor that retained complete authority to control the means and methods of the telephone campaign. *See* Restatement (Third) of Agency §§ 2.01, 2.03, 4.01 (2006). Consequently, Veritas Marketing Group cannot be held vicariously liable for the calls because it had no authority to

control and did not exercise any control over the manner and the means of ccAdvertising's conduct. *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012).

    d. **Steven Wayne Griffin**

Griffin contends that plaintiffs will not be able to prove at trial that he can be held personally liable as a corporate officer of Veritas Marketing Group. It is uncontroverted that at all times related to the movie, Griffin acted in his capacity as a president of Veritas Marketing Group. (ECF No. 288 ¶ 28.) Corporate officers and directors are not liable merely because the company has violated the law. *See generally Meyer v. Holley*, 537 U.S. 280, 286 (2003); *see also* Tenn. Code § 48–217–101(a)(1); *Id.* § 48–249–114(a)(1)(B). Thus, in order to be held liable, plaintiffs must prove that Griffin should not be afforded the protection normally afforded to officers of companies and instead should be held liable in his personal capacity.

Griffin should be afforded such protection and not be held liable in his personal capacity because he did not exercise any significant direct personal participation in the conduct of ccAdvertising, as opposed to acting in his capacity as an officer of Veritas Marketing Group. *Ott v. Mort'g Inv'rs Corp. of Ohio, Inc.*, 65 F. Supp. 3d 1046, 1060 (D. Ore. 2014). There is no evidence that Griffin oversaw or controlled any aspect of the telephone campaign, he did not create or direct the content of the calls, and he did not direct company policies and procedures for making the calls. *See City Select Auto Sales, Inc. v. David Randall Assocs., Inc.*, No. CV 11-2658 (JBS/KMW), 2017 WL 1170828, at *6-8 (D.N.J. Mar. 28, 2017); *Texas v. Am. Blast Fax, Inc.*, 164 F. Supp. 2d 892, 897-98 (W.D. Texas 2001); *Ott v. Mortg. Inv'rs Corp. of Ohio*, 65 F. Supp. 3d 1046, 1060 (D. Or. 2014); *Sandusky Wellness Center, LLC v. Wagner Wellness, Inc.*, No. 3:12–CV–2257, 2014 WL 1333472, at *3 (N.D. Ohio Mar. 28, 2014); *Jackson Five Star Catering, Inc. v. Beason*, No. 10–10010, 2013 WL 5966340, at *4 (E.D. Mi. Nov. 8, 2013); *Van Sweden Jewelers,*

*Inc. v. 101 VT, Inc.*, No. 1:10–cv–253, 2012 WL 4074620 (W.D. Mi. June 21, 2012); *Versteeg v. Bennett, Deloney & Noyes, P.C.*, 775 F. Supp. 2d 1316, 1321 (D. Wyo. 2011); *Baltimore–Wash. Tel. Co. v. Hot Leads Co.*, 584 F. Supp. 2d 736, 745 (D. Md. 2008); *Covington & Burling v. Int'l Mktg. & Research, Inc.*, No. CIV A 01–0004360, 2003 WL 21384825, at *6 (D.C. Super. Ct. Apr. 17, 2003).

### e. Courage 2012, LLC

Courage 2012, LLC contends that plaintiffs will not be able to prove at trial that it entered into any agency relationship with ccAdvertising or with Gabe Joseph.  As set forth in detail in its motion for summary judgment, Courage 2012 is not vicariously liable for the calls because it did not have authority to control and did not exercise any control over the manner and the means of ccAdvertising's conduct.  *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012).  Furthermore, Courage 2012 did not hire ccAdvertising and never entered into a direct contractual relationship with ccAdvertising whereby Courage 2012 authorized ccAdvertising to act on its behalf.  *See* Restatement (Third) of Agency §§ 2.01, 2.03, 4.01 (2006).

Courage 2012 contracted with Veritas Marketing Group, an independent contractor, to handle all aspects of marketing the movie *Last Ounce of Courage*.  Pursuant to that contract, Courage 2012 did not have authority to control and did not exercise any control over the manner or means of Veritas Marketing Group's conduct, much less that of ccAdvertising's conduct. Veritas Marketing Group engaged ccAdvertising as an independent contractor to perform services relating to the movie *Last Ounce of Courage*.   Thus, Courage 2012, in engaging an independent contract, who then engaged its own independent contractor, cannot be held liable as a principal vicariously responsible for ccAdvertising's conduct.  *See Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d at 1081.

Similarly, plaintiffs cannot establish that Griffin performed any act on behalf of Courage 2012. (ECF No. 288 at ¶ 28). Moreover, the plaintiffs cannot establish that the purported and scant actions of Dr. Leininger create an agency relationship between Courage 2012 and ccAdvertising. *Petri v. Mercy Health*, No. 4:15 CV 1296 CDP, 2016 WL 7048893, at *2 (E.D. Mo. Dec. 5, 2016); *see also Jones v. All American Auto Protection, Inc.*, No. 3:14-CV-001990LRH-WGC, 2015 WL 7566685, at *4 (D. Nev. Nov. 24, 2015); *Taco Bell Corp.*, 879 F. Supp. 2d at 1084. Thus, Courage 2012 cannot be held liable as a principal vicariously responsible for ccAdvertising's conduct.

### f. Dr. Leininger

Similar to Griffin, Dr. Leininger contends that plaintiffs will not be able to prove at trial that he can be held personally liable as a corporate officer of Courage 2012 for any violation of the TCPA that the telephone campaign may have caused. Dr. Leininger did not participate in the means and methods by which the call campaign was made, and did not exercise control over the campaign. And, any tangential communications that Dr. Leininger may have had related to the call campaign were in his capacity as a manager of Courage 2012. Corporate officers and directors are not liable merely because the company has violated the law. *See generally Meyer v. Holley*, 537 U.S. 280, 286 (2003); *see* Tex. Bus. Orgs. § 101.052. Thus, in order to be held liable, plaintiffs must prove that Dr. Leininger should not be afforded the protection normally afforded to officers of companies and instead should be held liable in his personal capacity.

Dr. Leininger should be afforded such protection and should not be held liable in his personal capacity because he did not exercise any significant direct personal participation in ccAdvertising's telephone campaign, and there is no evidence that with respect to the telephone campaign, Dr. Leininger acted in his personal capacity. *Ott v. Mort'g Inv'rs Corp. of Ohio, Inc.*, 65 F. Supp. 3d 1046, 1060 (D. Ore. 2014). There is no evidence that Dr. Leininger was involved

in the day-to-day operations of the call campaign, he did not oversee or control any aspect of the campaign, he did not create or direct the content of the calls, and he did not direct company policies and procedures for making the calls. *See City Select Auto Sales, Inc. v. David Randall Assocs., Inc.*, No. CV 11-2658 (JBS/KMW), 2017 WL 1170828, at *6-8 (D.N.J. Mar. 28, 2017); *Texas v. Am. Blast Fax, Inc.*, 164 F. Supp. 2d 892, 897-98 (W.D. Texas 2001); *Ott v. Mortg. Inv'rs Corp. of Ohio*, 65 F. Supp. 3d 1046, 1060 (D. Or. 2014); *Sandusky Wellness Center, LLC v. Wagner Wellness, Inc.,* No. 3:12–CV–2257, 2014 WL 1333472, at *3 (N.D. Ohio Mar. 28, 2014); *Jackson Five Star Catering, Inc. v. Beason,* No. 10–10010, 2013 WL 5966340, at *4 (E.D. Mi. Nov. 8, 2013); *Van Sweden Jewelers, Inc. v. 101 VT, Inc.,* No. 1:10–cv–253, 2012 WL 4074620 (W.D. Mi. June 21, 2012); *Versteeg v. Bennett, Deloney & Noyes, P.C.,* 775 F. Supp. 2d 1316, 1321 (D. Wyo. 2011); *Baltimore–Wash. Tel. Co. v. Hot Leads Co.,* 584 F. Supp. 2d 736, 745 (D. Md. 2008); *Covington & Burling v. Int'l Mktg. & Research, Inc.,* No. CIV A 01–0004360, 2003 WL 21384825, at *6 (D.C. Super. Ct. Apr. 17, 2003).

**IV.    DAMAGES**

Plaintiffs' Third Amended Complaint seeks treble damages of up to $1,500 per violation pursuant to the private right of action provision set forth in 47 U.S.C. § 227(b)(3)(C). (ECF No. 185, at 20.) Subsequently, plaintiffs revised their position on damages as reflected in their First Motion for Partial Summary Judgment on the Issue of Damages. (ECF No. 239.) In this motion, plaintiffs state that they are electing to seek only "the minimum statutory damage amount of $500." *Id.*

Pursuant to plaintiffs' decision to limit damages in this matter, the potential damages available at trial are at maximum $500 per violation. Even if plaintiffs did not explicitly narrow the available damages, plaintiffs are unable to demonstrate that any of the defendants acted with

"knowing and willful" intent necessary to warrant trebling damages, and treble damages should be precluded. Additionally, it is defendants' position that an award of statutory damages of $500 per call, under the facts and circumstances of this case, would violate the U.S. Constitution.

Dated: July 17, 2017                                        Respectfully submitted,

/s/     Jeremy Gogel
Jeremy Gogel  #61866
The Gogel Law Firm
jeremy@gogellaw.com
tyoung@bjpc@.com
4542 West Pine Boulevard
St. Louis, MO 63108
Phone: (314) 775-3864
*Attorney for Defendants Freeats.com, AIC Communications, LLC, and Gabriel S. Joseph, III*

/s/     Eric D. Block
Patrick T. McLaughlin, #48633
Eric D. Block, #65789
Spencer Fane LLP
1 N. Brentwood Blvd., Suite 1000
St. Louis, MO 63105
Phone: (314) 863-7733
Fax: (314) 862-4656
pmclaughlin@spencerfane.com
eblock@spencerfane.com
*Attorneys for Courage 2012, LLC*

/s/     Fredrick Ludwig
Fredrick Ludwig, #49678MO
9666 Olive Boulevard, Ste. 690
St. Louis, MO 63132
Phone: (314) 203-0660
fredrick@ludwig.law
*Attorney for Veritas Marketing Group, LLC, and Stephen W. Griffin*

/s/ Ari Rothman
Ari N. Rothman (#DC48334)
Brian L. Schwalb (*pro hac vice*)
Danielle E. Sunberg (*pro hac vice*)
Justin B. Nemeroff (*pro hac vice*)
Venable LLP
575 7th Street, NW
Washington, DC 20004
Telephone: (202) 344-4000
Facsimile: (202) 344-8300
anrothman@venable.com
blschwalb@venable.com
desunberg@venable.com
jbnemeroff@venable.com
*Attorneys for Defendant James R. Leininger*

***ATTORNEYS FOR DEFENDANTS***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have on this 17th day of July, 2017, electronically filed DEFENDANTS' TRIAL BRIEF with the Clerk of Court using the CM/ECF system, which automatically sends an electronic notification to all counsel of record and other CM/ECF participants, and by mail to Veritas Entertainment.

/s/ Danielle E. Sunberg
Danielle E. Sunberg