# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RON GOLAN, et al., | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14CV00069 ERW |
| | ) |
| VERITAS ENTERTAINMENT, LLC, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Motions in Limine [ECF No. 386], Defendant James R. Leininger's Motion in Limine to Preclude Evidence or Argument Regarding his Counsel's Prior Representation of Other Defendants [ECF No. 390], Defendant James R. Leininger's Motion in Limine to Preclude Evidence or Argument Regarding His Personal Monetary Wealth [ECF No. 391], and Defendant James R. Leininger's Motion in Limine to Preclude Plaintiffs' from Offering Party and Non-Party Document Productions into Evidence [ECF No. 392].

**I.     Plaintiffs' Motions in Limine [ECF No. 386]**

In their motion, Plaintiffs raise thirteen motions in limine. The Court will address each individually.

    1.     Jury Nullification

Plaintiffs ask the Court to prohibit Defendants from making any arguments which could be considered jury nullification. The Court cannot make a ruling on this motion at this time, because it is too broad. It will be held in abeyance to be ruled during trial when the parties object to specific arguments.

2. Corporate Shield

Plaintiffs ask the Court to prohibit individual defendants from arguing they are protected from liability because they were acting on behalf of a corporation. The role of individual defendants and the corporations for which they worked is relevant to the issues in this trial. Defense counsel is prohibited from stating in opening statement, or any time after, his or her client is protected from liability because the client was acting on behalf of a corporation, without prior approval of the Court to do so. This motion will be held in abeyance until the Court makes specific rulings pending the receipt of evidence.

3. Amount of Damages

Plaintiffs ask the Court to prohibit Defendants from mentioning the amount of damages per call or in total. Defendants are prohibited from mentioning the amount of damages in opening statements or during the presentation of evidence before first obtaining a ruling of the Court allowing statements related to damages or evidence related to damages. The Court cannot make a determination on this issue until evidence has developed; therefore, the motion will be held in abeyance.

4. Plaintiffs' Injuries

Plaintiffs ask the Court to prohibit Defendants from arguing the telephone calls did not injure or harm Plaintiffs. The Court has previously determined Plaintiffs were harmed. However, this does not prohibit questioning of Plaintiffs as to any experiences related to the telephone messages. Defendants shall not argue Plaintiffs were not harmed, but will be permitted to inquire into Plaintiffs experience with the telemarketing campaign. This motion will be granted, in part, and denied, in part.

5. Answering Machine

Plaintiffs argue Defendants should not be allowed to introduce evidence an answering machine answered the robocalls. The Court has already determined Plaintiffs were harmed even though they did not answer the telephone call at issue. Defendants will not be permitted to argue Plaintiffs were not harmed. However, Defendants are allowed to present evidence regarding what Plaintiffs heard, who answered the telephone, or any other evidence relating to Plaintiffs' receipt of the telephone call. This motion will be denied.

6. Consent

Plaintiffs assert Defendants should not be allowed to argue there was consent to receive these phone calls. At oral argument on this matter, Plaintiffs asked for additional time to research a Federal Communications Commission decision cited by Defendants. The Court will hold this motion in abeyance pending a response from Plaintiffs.

7. Purpose of Calls

Plaintiffs ask the Court to prohibit Defendants from arguing or introducing evidence the telephone calls were for a purpose other than telemarketing or advertising. The Court previously determined the telephone calls were for the single purpose of telemarketing. Dr. Leininger may introduce evidence as to the identity of the person who solicited Mike Huckabee to read the script of the telephone message. He may also introduce evidence of Mr. Huckabee's interest in promoting his radio show for the limited purpose of determining who solicited Mr. Huckabee. At this time, the Court cannot know what other Defendants, as well as what Dr. Leininger, will say in regards to their motivations to conduct the telemarketing campaign. The Court will determine the scope of evidence permitted as to other Defendants when raised in specific objections by the parties. This motion will be denied.

8. Political Nature

Plaintiffs argue Defendants should not be permitted to argue or present evidence implying this suit is politically motivated, an attack on political affliction, religion, religious freedom, or free expression. As long as Defendants do not introduce evidence of the political nature of these telephone calls to show a purpose other than telemarketing, Defendants will be permitted to introduce evidence to show a timeline of events and everything that was occurring surrounding the telephone campaign. However, Defendants will not be permitted to suggest, in any manner, this suit is politically motivated or an attack on any political affiliation or religion. This motion will be granted, in part, and denied, in part.

9. Intent

Plaintiffs ask the Court to prohibit Defendants from arguing they did not intend to violate the TCPA. Defendants are not permitted to ask if Dr. Leininger intended to violate the TCPA. Evidence of Dr. Leininger's knowledge and understanding of how the telephone campaign was to be conducted is relevant to determining if he is vicariously liable for violating the TCPA and will be permitted. This motion will be granted, in part, and denied, in part.

10. Plaintiffs' Litigation History

Plaintiffs ask the Court to prohibit any argument or evidence of the litigation history of the named Plaintiffs. The parties agree not to introduce evidence of Plaintiffs' litigation history. This motion will be granted.

11. Plaintiffs' Prior Relationship with Counsel

Plaintiffs ask the Court to exclude any evidence or argument of the named Plaintiffs relationship with counsel. Defendants will not be permitted to introduce evidence or argument as to Plaintiffs' relationship with their counsel. Explanation of Plaintiffs' knowledge of the

campaign will be limited to whether they learned of the movie from the telephone calls. Defense counsel may inquire as to how Plaintiffs learned of the movie but will not be permitted to go any further. This motion will be granted, in part, and denied, in part.

12. Opt Out Correspondence

Plaintiffs argue Defendants should not be allowed to introduce any correspondence received from individuals who do not wish to participate in the class action. This evidence is hearsay and there is no exception which would allow it to be admitted. The residual exception, in Federal Rule of Evidence 807, requires the statement have "equivalent circumstantial guarantees of trustworthiness," be offered as evidence of a material fact, and be more probative than any other evidence the proponent can obtain through reasonable efforts. The Court must also determine its admittance will "best serve the purposes of these rules and the interests of justice." The Court does not find these requirements have been met. This motion will be granted.

13. Dr. Leininger's Charitable Contributions Etc.

Plaintiffs ask the Court to exclude any evidence of Dr. Leininger's charitable contributions, contributions to the medical field, or work for non-profits. Defendants will be permitted to introduce evidence of Dr. Leininger's profession, time devoted to his profession, and time spent creating his inventions, but shall not suggest, in any manner, he has saved thousands of lives through his work. Defendants will also be permitted to introduce evidence of his charitable work and work for non-profits. This evidence will be limited to the names of the charities and non-profits and the time spent devoted to this work. Defendants are not permitted to introduce evidence or argument about the amount of money Dr. Leininger has donated to these causes.

**II. Defendant James R. Leininger's Motion in Limine to Preclude Evidence or Argument Regarding His Counsel's Prior Representation of Other Defendants [ECF No. 390]**

Dr. Leininger asserts the Court should preclude evidence or argument about his counsel's prior representation of other defendants in this matter. This matter will be held in abeyance pending submission of Dr. Leininger's reply.

**III. Defendant James R. Leininger's Motion in Limine to Preclude Evidence or Argument Regarding His Personal Monetary Wealth [ECF No. 391]**

Dr. Leininger asks the Court to preclude any evidence or argument about his personal monetary wealth. The Court will hold this motion in abeyance pending notice from the parties as to whether they were able to agree on a stipulation.

**IV. Defendant James R. Leininger's Motion in Limine to Preclude Plaintiffs' from Offering Party and Non-Party Document Productions into Evidence [ECF No. 392]**

Dr. Leininger asserts the Court should preclude Plaintiffs from offering party and non-party document productions into evidence. This matter has been resolved between the parties and will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motions in Limine [ECF No. 386] is **GRANTED, in part** and **DENIED, in part**.

**IT IS FURTHER ORDERED** that Defendant James R. Leininger's Motion in Limine to Preclude Evidence or Argument Regarding His Counsel's Prior Representation of Other Defendants [ECF No. 390] is **held in abeyance**.

**IT IS FURTHER ORDERED** that Defendant James R. Leininger's Motion in Limine to Preclude Evidence or Argument Regarding His Personal Monetary Wealth [ECF No. 391] is **held in abeyance**.

**IT IS FURTHER ORDERED** that Defendant James R. Leininger's Motion in Limine to Preclude Plaintiffs' from Offering Party and Non-Party Document Productions into Evidence [ECF No. 392] is **DENIED, as moot**.

Dated this 2nd Day of August, 2017.

*E. Richard Webber*

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE