UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RON GOLAN, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV00069 ERW |
| | ) | |
| VERITAS ENTERTAINMENT, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on issues raised at the pretrial conference and in the parties' motions in limine.

### I. Dr. Leininger's Prior Representation Motion in Limine [ECF No. 390]

At the pretrial conference, the Court asked the parties to if they could agree to a stipulation as to what may be asked of witnesses about prior legal representation. The parties were unable to agree to a stipulation. The Court finds if an attorney asks questions of a former client at trial, Plaintiffs' counsel may cross examine the witness by asking if the witness was previously represented by the attorney who did the questioning. No further questions will be permitted, by any counsel, about Defendants' prior legal representation.

### II. Dr. Leininger's Personal Wealth Motion in Limine [ECF No. 391]

The Court also asked the parties if they could come to an agreement as to what could be introduced related to Dr. Leininger's personal wealth. The parties were, again, unable to agree. The Court finds counsel will not be permitted to ask questions, introduce evidence, or insert into argument Dr. Leininger is a billionaire or any specifics related to his wealth, such as his net worth or specific assets he owns. Counsel may state he is wealthy. If the parties wish to enter

into evidence any exhibits which include statements about the amount of his wealth or specific assets, those exhibits shall be redacted to exclude this information and may instead state he is wealthy. The Court will instruct the jury the Court ordered the redactions.

**III.     Voir Dire**

The parties asked the Court to include additional questions in the voir dire asked by the Court. The revised questions submitted by the parties are acceptable to the Court and will be asked by the Court during voir dire. The Court erred in answering a question about alternate jurors at the pretrial conference. There will be eight jurors qualified to serve. All eight will deliberate to a unanimous verdict. Six jurors are needed to deliberate, so two of any of the eight could be excused if necessary.

**IV.     Questions by Jurors**

The parties were asked to confer as to whether jurors would be permitted to ask questions of witnesses throughout the trial. Defendants ask jurors be permitted to ask written questions. Plaintiffs object to this suggestion. The Court will not permit jurors to ask questions.

Accordingly,

**IT IS HEREBY ORDERED** that Dr. Leininger's Motion in Limine [ECF No. 390] is **GRANTED, in part** and **DENIED, in part**.

**IT IS FURTHER ORDERED that** Dr. Leininger's Motion in Limine [ECF No. 391] is **GRANTED, in part,** and **DENIED, in part**.

Dated this 3rd Day of August, 2017.

*E. Richard Webber*

———————————————————
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE