## INSTRUCTION NO. 1

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you some additional instructions.

You have to follow all of my instructions – the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you at the beginning of the trial.

You will have copies of the instructions I am about to give you now in the jury room. R emember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

# INSTRUCTION NO. 2

I have not intended to suggest what I think your verdict should be by any of my rulings or comments during the trial.

INSTRUCTION NO. _3_

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

# INSTRUCTION NO. 4

You will have to decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

# INSTRUCTION NO. 5

Some of the exhibits seen in this trial had portions blacked out or contained redactions. You are not to speculate about what was contained in the portions not provided and you should not consider the redactions in your deliberations. The portions provided to you are what have been admitted into evidence.

INSTRUCTION NO. _6_

As I mentioned to you at the outset, this case is proceeding as a class action. A class action procedure allows the filing of one lawsuit by a representative or a small number of representatives on behalf of a whole group of plaintiffs who have similar claims. The procedure is intended to avoid having multiple plaintiffs filing separate, identical lawsuits in different courts and trying the same case multiple times before different judges. Thus, it avoids duplication of effort and expense.

Dorit Golan and Ron Golan bring this action as the class representatives. All members of the class will be bound by the result of this trial. For purposes of Plaintiffs' claims, the Class in this action has been specifically defined as:

> All persons within the United States to whom Defendants (or some person on Defendants' behalf), within four years of October 3, 2012, initiated one or more telephone calls to such persons' residential telephone lines using the recorded voice of Mike Huckabee to deliver a message as part of the above-mentioned campaign regarding the movie Last Ounce of Courage.

# INSTRUCTION NO. ⊥

The Telephone Consumer Protection Act prohibits a person or entity from initiating any telephone call to any residential telephone line using an artificial or prerecorded voice without the prior express consent of the called party.

The Court has determined ccAdvertising, which includes Defendants AIC Communications, Incorporated, and FreeEats.com, Incorporated, and Gabriel S. Joseph, III violated the Telephone Consumer Protection Act by initiating 3,242,493 telephone calls to residential telephone lines using a prerecorded voice without the prior express consent of the called parties.

A person or entity on whose behalf the calls were made may also be held liable for the telephone calls violating the Telephone Consumer Protection Act.

You must determine whether Dr. James R. Leininger is liable for the telephone calls made by ccAdvertising.

Plaintiffs have dismissed all claims against Courage 2012, LLC, Veritas Marketing Group, LLC, and Stephen Wayne Griffin.

# INSTRUCTION NO. 8

You will not be asked to determine damages in this case. Damages will be determined by

the Court as required by the Telephone Consumer Protection Act.

## INSTRUCTION NO. 9

A person is acting as an agent with actual authority if he or she:

1.     performs services for another person under an express or implied agreement; and

2.     is subject to the other's control or right to control the manner and methods of performing the services.

The other person is called a principal. The principal will be liable for the acts of the agent that arise from the agent's scope of authority.

Actual authority is established by a mutual agreement, which may be expressed or implied. This means a principal must demonstrate his desire to be bound by the agent's actions of accomplishing the work either (a) expressly through oral or written words such as a contract, or (b) implicitly based on the circumstances such as when the principal's reasonably interpreted words or conduct would cause an agent to believe that the principal consents to have the work done on his behalf.

# INSTRUCTION NO. 10

An agent is acting within the scope of his or her authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

## INSTRUCTION NO. 11

Your verdict must be for Plaintiffs and against Dr. James R. Leininger, if you believe ccAdvertising was the agent of Dr. James R. Leininger and was acting within the scope and course of its agency with Dr. James R. Leininger. To establish ccAdvertising was acting within the scope and course of its agency with Dr. James R. Leininger, Plaintiffs have the burden of proving ccAdvertising had actual authority from Dr. James R. Leininger to act on his behalf to conduct the telemarketing campaign.

## INSTRUCTION NO. 12

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the [marshal] [bailiff] [court security officer] and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions. Nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case. [The form reads: (read form)]. You will take this forms to the jury room, and when you have all agreed on the verdicts, your foreperson will fill in the form, sign and date it, and tell the court security officer that you are ready to return to the courtroom.