**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| RON GOLAN, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14CV00069 ERW |
| ) | |
| VERITAS ENTERTAINMENT, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

This matter comes before the Court on Defendants Freeeats.com and AIC Communications, LLC's Post-Trial Motion for Reduction of Excessive Damages [ECF No. 458].

A jury trial was conducted in this case from August 7, 2017, to August 16, 2017. At the close of Plaintiffs' evidence, the Court granted Plaintiffs' Motion for Judgment as a Matter of Law against Defendants FreeEats.com and AIC Communications, LLC ("Defendants"). The Court did not determine damages at that time.

The violations in this case involved the use of automated telephone equipment for which the Telephone Consumer Protection Act ("TCPA") states a plaintiff may recover either the actual monetary loss from a violation or $500 in damages for each violation, whichever is greater. 47 U.S.C. § 227(b)(3)(B). Evidence in the case proved there were 3,242,493 calls placed in violation of the TCPA. Applying $500 per violation would result in a damages award of $1,621,246,500. Defendants ask the Court to reduce the amount of damages to $324,249, or $0.10 per call, arguing the damages are so excessive, it violates the Constitution. In support, Defendants cite three TCPA cases where damages were reduced. Plaintiffs argue there is no

1

constitutional basis for a reduction of statutory damages, and even if there was, this is not a case where damages should be reduced.

In cases across the United States, defendants have challenged the TCPA's damages provision under the due process clause of the Fifth Amendment and as an excessive fine under the Eighth Amendment of the United States Constitution. District courts have rejected Eighth Amendment challenges to the TCPA's damages provision, because the Eighth Amendment applies to civil damages only when the government is prosecuting the case or will receive a share of the damages. *Pasco v. Protus IP Sol., Inc.*, 826 F.Supp.2d 825, 836 (D. Md. 2011); *Green v. Anthony Clark Int'l Brokers, Ltd.*, No. 09 C 1541, 2010 WL 431673 at *5 (N.D. Ill. Feb. 1, 2010); *J2 Global Commc'ns, Inc. v. Protus IP Sol.*, No. CV 06-00566 DDP (AJWx), 2008 WL 11335051 at *9 (C.D. Cal. Jan. 14, 2008). The Eighth Amendment pertains to payment to a sovereign, not a private party, as punishment for an offense. *Green*, 2010 WL 431673 at *5.

Numerous courts have also rejected challenges under the due process clause and have held the statutory damages provision in the TCPA, on its face, is constitutional. *See Pasco*, 826 F.Supp.2d at 835; *Green*, 2010 WL 431673; *Krakauer v. Dish Network, LLC*, No. 1:14-CV-333, 2017 WL 2455095 (M.D. N.C. Jun. 6, 2017); *Kenroe, Inc. v. Fax Daily, Inc.*, 962 F. Supp. 1162 (S.D. Ind. 1997); *Accounting Outsourcing, LLC v. Verizon Wireless Pers. Commc'n*, 329 F.Supp.2d 789 (M.D. La. 2004); *Texas v. Am. Blastfax, Inc.*, 121 F.Supp.2d 1085 (W.D. Tex. 2000). Courts routinely cite to *St. Louis, I. M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66-67 (1919), for the standard that statutory penalties violate due process "only where the penalty prescribed is so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable." Courts are hesitant to declare a statutory damages provision unconstitutional, because Congress possesses "a wide latitude of discretion to prescribe penalties

2

for violations of [its] laws, and those penalties, which often serve a deterrent effect, are to be considered with due regard for the interests of the public, the numberless opportunities for committing the offense, and the need for securing uniform adherence." *Pasco*, 826 F.Supp.2d at 835 (citing *Williams*, 251 U.S. at 66-67). Specifically in relation to the TCPA, the $500 per violation damages provision is meant to address harms that are otherwise unquantifiable such as invasions of privacy, unwanted disruptions, tied-up phone lines, and wasted time spent answering unwanted phone calls. *Krakauer*, 2017 WL 24455095 at *6.

In support of their argument TCPA damages are unconstitutional, many defendants have cited to cases overturning *punitive damages* awards. The Supreme Court has held punitive damages may violate the due process clause when an award is "grossly excessive." *BMW of N.A., Inc. v. Gore*, 517 U.S. 559, 568 (1996). The Supreme Court focused on whether a person receives fair notice of severity of the penalty that may be imposed. *Id*. at 574. Another concern the Supreme Court has articulated is the wide discretion juries have in choosing amounts and that juries will use their verdicts to express biases against defendants. *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 417 (2003). District courts have declined to extend the reasoning about punitive damages to statutory damages, because defendants have ample notice of the amount and there is no discretion for juries to apply. *Kenroe*, 962 F. Supp. at 1165; *see also Phillips Randolph Enter., LLC v. Rice Fields*, No. 06 C 4968, 2007 WL 129052 (N.D. Ill. Jan. 11, 2007); *Accounting Outsourcing, LLC*, 329 F.Supp.2d at 808-809. The Eighth Circuit has also differentiated between statutory damages and punitive damages. *Capital Records, Inc. v. Thomas-Rasset*, 692 F.3d 899, 907 (8th Cir. 2012) (finding the guideposts established to determine if punitive damages are constitutional are not applicable to statutory damages awards

3

and "would be nonsensical if applied to statutory damages."). Therefore, the Court will not apply the punitive damages standard to the statutory damages at issue here.

While various district courts have found the TCPA is constitutional, on its face, the Court was unable to find any district courts who determined a specific TCPA damages award was unconstitutional. Several district courts that determined the statutory damages provision is constitutional did not address the issue of whether a specific damages award was constitutional because of the procedural postures of the cases. *Birchmeier v. Caribbean Cruise Line, Inc.*, 302 F.R.D. 240, 256 (N.D. Ill. 2014) (A damages award may be reduced after a class has been certified, not before.); *Pasco*, 826 F.Supp.2d at 835 (Premature to determine whether a hypothetical damage award would accord with due process because a factual dispute remained.); *Green*, 2010 WL 431673 at 6 (Declined to determine if the damages award was excessive if a class was certified because at the time, it was an individual action.); *Centerline Equipment Corp.*, 545 F.Supp.2d at 777 (Premature, at the motion to dismiss stage, to determine if a hypothetical damages award might be constitutionally excessive.); *J2 Global Comm'ns, Inc.*, 2008 WL 11335051 at *9 (The issue of whether statutory damages are excessive will be ripe after issuance of a verdict.).

Three courts have reduced damages awards in TCPA cases. In *Texas v. American Blastfax, Incorporated*, plaintiff, the state of Texas, brought suit against defendants, American Blastfax, Incorporated and two of its officers and directors. 164 F.Supp.2d 892, 894 (W.D. Tex. 2001). The district court held defendant Blastfax had violated the TCPA by sending unsolicited intrastate fax advertisements. *Id*. at 894. Defendants presented evidence the average cost of receiving an unwanted fax is seven cents per page. *Id*. at 900. Although it stated the TCPA provides for liquidated damages of $500 for each violation, the district court found it would be

inequitable and unreasonable to award that amount for each violation. *Id*. Instead, the district court interpreted the provision as providing for "up to" $500 per violation. *Id*. The district court found a reasonable award was seven cents per violation, which it trebled because defendants' conduct was willful and knowing, for a total amount of $495,375. *Id*. at 901.

The Court will not apply the reasoning of *American Blastfax* to this case. The TCPA statute clearly states the damages are $500 per violation for violations using automated telephone equipment. 47 U.S.C. § 227(b)(3)(B). Another provision in the TCPA, which applies to violations of the do-not-call list, does allow for damages *up to* $500 per violation. 47 U.S.C. § 227(c)(5). If Congress intended damages for an automated telephone equipment violation to be up to $500, instead of $500, it could easily have done so as it did for do-not-call list violations. Thus, the Court does not find the reasoning of *American Blastfax* persuasive.

The next case which reduced damages for TCPA violations is *Maryland v. Universal Elections, Incorporated*, 862 F.Supp.2d 457 (D. Md. 2012). The state of Maryland brought a civil enforcement action against Universal Actions, Incorporated and two individuals, alleging defendants violated the TCPA by making 112,000 prerecorded telephone calls to residents on Election Day. *Id*. at 459. The district court found defendants violated the TCPA. *Id*. at 463-464. The base damages award could have been $34,000,000 and could have exceeded one hundred million dollars if trebled, because the violations were knowing. *Id*. at 464. The state of Maryland requested $10,424,550. *Id*. at 465. The district court awarded $1,000,000. *Id*. at 466.

The district court reasoned "a $10 million penalty is disproportionate to the size of the company and the defendants' presumptive ability to pay." *Id*. However, the district court specifically explained it was not suggesting a $10 million award was necessarily unconstitutional. *Id*. In determining a $1 million award was appropriate, the district court found

5

the defendants "knowingly violated the TCPA with the express purpose of suppressing the votes of a minority group in a contested statewide gubernatorial election" and "his actions damaged public faith in the democratic process that is at the core of our system of government." *Id*. at 466-467. The facts and circumstances of this case are far different from those currently before the Court, which limits the applicability of the District of Maryland's reasoning.

The third case is *United States v. Dish Network, LLC*, No. 09-3073, 2017 WL 2427297 (C.D. Ill. Jun. 5, 2017). Plaintiffs, the United States and the States of California, Illinois, North Carolina, and Ohio, alleged defendant, Dish Network, LLC, violated the TCPA, as well as several state laws and regulations, by placing telephone calls to telephone numbers on the do-not-call list. *Id*. at *1. After a bench trial, the Central District of Illinois entered judgment in favor of the plaintiffs and against the defendant. *Id*. Plaintiffs asked for a damages award of $2.1 billion. *Id*. at *139. The district court awarded civil penalties and statutory damages of $280,000,000, approximately 20 percent of the defendant's after-tax profits for 2016, finding this amount was "appropriate and constitutionally proportionate, reasonable, and consistent with due process." *Id*. The district court further reasoned "[t]he amount represents a significant penalty for the millions and millions of Do-Not-Call violations caused by Dish over years and years of careless and reckless conduct." *Id*. Finally, the district court stated "[t]he injury to consumers, the disregard for the law, and the steadfast refusal to accept responsibility require a significant and substantial monetary award." *Id*. at 140. This case also has limited applicability to the situation before the Court because no evidence was presented about Defendants' profits in any given year.

Of the three cases which have reduced TCPA damages awards, only *Dish Network, LLC*, found the damage reduction comported with due process. *Id*. at 139. The other cases did not reduce damages under the Constitution. However, that does not foreclose the Court's ability to

6

reduce the damages award to comport with due process. The Court's review of the applicable case law, *supra*, indicates the TCPA's statutory damages clause is constitutional, but a specific damages award may be unconstitutional if it is "so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable." *Capital Records, Inc. v. Thomas-Rasset*, 692 F.3d 899, 907 (8th Cir. 2012). With little else to provide guidance, the Court will apply this standard and will determine the amount of damages prescribed by the statute are so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable.

There were 3,242,493 calls placed in violation of the TCPA in this case. At $500 per violation, the TCPA would require a damages award of $1,621,246,500. This is obviously unreasonable and wholly disproportionate to the offense. The Court will award $32,424,930. This amounts to $10.00 per call. This reflects the severity of the offense, a six-day telemarketing campaign which placed 3.2 million telephone calls, as well as respecting the purposes of the TCPA to have a deterrent effect and to account for unquantifiable losses including the invasions of privacy, unwanted interruptions and disruptions at home, and the wasted time spent answering unwanted solicitation calls or unwanted voice messages. This amount also takes into account the significant time and expense needed to notify the class and distribute the damages to the class.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Freeeats.com and AIC Communications, LLC's Post-Trial Motion for Reduction of Excessive Damages [ECF No. 458] is **GRANTED, in part,** and **DENIED, in part**.

**IT IS FURTHER ORDERED** that the Court will award $32,424,930.00 to Plaintiffs. An amended judgment will issue.

Dated this 7th Day of September, 2017.

*[signature]*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE