UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RON GOLAN, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:14-CV-00069 ERW |
| | ) |
| VERITAS ENTERTAINMENT, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants Courage 2012, LLC's Motion for Bill of Costs [464] and Dr. James Leininger's Motion for Bill of Costs. [465].

I.     **BACKGROUND**

This lawsuit originated in the Circuit Court of St. Louis County, Missouri, when Plaintiffs Ron Golan and Dorit Golan ("Plaintiffs") filed a petition against Veritas Entertainment, LLC, Veritas Marketing Group, LLC, Freeeats.com (doing business as ccAdvertising), AIC Communications, LLC (doing business as ccAdvertising), Gabriel S. Joseph, III, Stephen Wayne Griffin, Mission City Management, Incorporated ("Mission City"), Courage 2012, LLC ("Courage"), Dr. James Leininger (Dr. Leininger), SixD, Incorporated, Bob Brewer, and Michael Huckabee alleging these Defendants violated the Telephone Consumer Protection Act by making unsolicited pre-recorded calls to residential telephone lines. [ECF No. 1]. On January 15, 2014, Mission City removed the case to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1453. [ECF No. 1]. Defendants Michael Huckabee, Bob Brewer, SixDi, Incorporated, and Mission City were subsequently dismissed from the case. [ECF No. 127].

A jury trial was conducted from August 7, 2017, to August 16, 2017. At the close of Plaintiffs' evidence, the Court granted Plaintiffs' Motion for Judgment as a Matter of Law against Defendants Gabriel S. Joseph, FreeEats.com and AIC Communications, LLC. [ECF No. 429]. On August 15, 2017, the Court granted Plaintiffs' motion to dismiss Defendants Courage, Veritas Marketing Group, LLC, and Stephen Wayne Griffin with prejudice. [ECF No. 432]. The jury found in favor of Dr. Leininger on August 16, 2017. [ECF No. 440]. On October 4, 2017, a default judgment was entered against Veritas Entertainment, LLC. [ECF No. 475]. Defendants Courage and Dr. Leininger ("Defendants") now seek to recover costs from Plaintiffs.

## II. STANDARD

Rule 54(d) of the Federal Rules of Civil Procedure ("FRCP") provides "costs—other than attorney's fees—should be allowed to the prevailing party." *See also In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005) ("A prevailing party is presumptively entitled to recover all of its costs."). Pursuant to 28 U.S.C. § 1920, the Court may tax costs for:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

2

The Court may not award costs other than those authorized by § 1920, because this section "imposes rigid controls on cost-shifting in federal courts[.]" *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (internal citations omitted). However, upon objection by the opposing party as to authorized costs, the Court may exercise its discretion to grant or deny costs. *Pershern v. Fiatallis N. Am., Inc.*, 834 F.2d 136, 140 (8th Cir. 1987). A district court's discretion in this regard is broadly construed. *Little Rock Cardiology Clinic PA v. Baptist Health*, 591 F.3d 591, 601 (8th Cir. 2009).

### III. DISCUSSION

Plaintiffs raise a number of objections to Defendants Dr. Leininger and Courage's motions, which the Court will review, in turn.

#### A. *Dr. Leininger's Motion for Bill of Costs*

Dr. Leininger claims costs totaling $47,942.02. [ECF No. 464]. According to Dr. Leininger, $12,188.78 of these costs result from court reporter services necessarily obtained for use in this case. [ECF No. 464-1]. Court reporter services were obtained to provide transcripts of court proceedings and depositions. Dr. Leininger claims $11,620.75 in costs for court report services obtained in connection with court proceedings. *Id*. Expenses of $1,794.08 were incurred as a result the use of court reporter services during depositions. *Id*. Dr. Leininger divides deposition transcript costs equally amongst himself, Mission City Management and Courage, as stipulated by an agreement between these co-defendants.[1] *Id*. Dr. Leininger also incurred $1,909.14 for the printing of pretrial materials, depositions and accompanying exhibits, and both parties' trial exhibits. *Id*. Dr. Leininger incurred an additional $32,725.00 for the production of

---

[1] In the Memorandum in Support of Dr. Leininger's Bill of Costs, Dr. Leininger claims $568.03 as his share of the total cost of deposition transcripts. However, one-third of Defendants' total deposition transcript costs is $598.02.

3

trial graphics to be used during an electronic presentation of evidence at trial. *Id*. Dr. Leininger also incurred $400.00 dollars in expenses for the transcript of audio records which were to be used as trial exhibits. *Id*. Finally, Dr. Leininger incurred $719.10 for the copying of trial exhibits. *Id*.

      i. Division of Deposition Costs

Plaintiffs first argue Defendants' deposition transcript costs, which total $1,794.08, were improperly divided amongst the parties. [ECF No. 464-1 and 468]. Defendants divide the costs of these transcripts between three parties: Mission City Management, Courage 2012, LLC, and Dr. James R. Leininger. [ECF No. 464-1]. Therefore, Defendant Dr. Leininger seeks to recover $598.02 as compensation for deposition transcript costs. [ECF No. 464.-1]. According to Plaintiffs, Defendants' total expenditures for these transcripts should be divided by five because Dr. Leininger's law firm also represented co-defendants Steve Griffin and Veritas Marketing at the time the depositions were taken. [ECF No. 468].

"A district court may tax transcription costs if a deposition was 'necessarily obtained for use in a case' and was not 'purely investigative.'" *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 764 (8th Cir. 2006) (quoting *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 878, 889 (8th Cir. 2006)). Within these parameters, a court awarding costs pursuant to FRCP 54(d) and 28 U.S.C. § 1920 enjoys substantial discretion. *Computrol, Inc. v. Newtrend, L.P.*, 203 F.3d 1064, 1072 (8th Cir. 2000); *see also Crawford Fitting Co. v J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987) ("Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party"). This discretion allows the Court to equitably apportion costs among prevailing parties. *See Marmo*, 457 F.3d at 764 (upholding a district court's apportionment of costs under § 1920 between the thirteen parties comprising the consolidated case from which

those costs arose); *see also In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 469 (3d Cir. 2000) ("The general rule in this circuit and others is that a district court, in exercising its equitable discretion, may apportion costs between the prevailing and non-prevailing parties as it sees fit. This power to apportion between parties also includes the power to divide costs among the losing and winning parties in a case involving multiple defendants and plaintiffs . . ."). The Court agrees costs should be equally allocated amongst the five parties for whom these depositions were to benefit. Therefore, Plaintiffs are taxed $358.82 in satisfaction of Dr. Leininger's one-fifths share of the deposition transcript costs.

     ii. Expedited Hearing Transcripts

Dr. Leininger incurred court reporter fees of $11,620.75, which he seeks to tax to Plaintiffs as "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920. Plaintiffs object to $1,561.70 of these costs on the grounds such costs arise from Dr. Leininger's decision to expedite certain hearing transcripts. [ECF No. 468]. According to Plaintiffs' Memorandum in Opposition to Defendants' Bill of Costs, the cost of expedited transcripts are either 1) not taxable as a matter of law, or 2) taxable only so far as they are "reasonably necessary to the furtherance of Defendant's case." [ECF No. 468].

It is unclear if the cost of expedited hearing transcripts are taxable under § 1920 following the Supreme Court's decision in *Taniguchi v. Kan Pacific Saipan, Limited*, 566 U.S. 560 (2012) (holding the scope of a court's power to tax costs to a non-prevailing party pursuant to 28 U.S.C. § 1920 is "narrow" and strictly limited to the "specific categories of costs set forth by Congress."). *See also Kirk v. Schaeffler Grp. USA, Inc.*, No. 3:13-CV-5032-DGK, 2016 WL 6023696, at *4 (W.D. Mo. Jul. 26, 2016) (holding "the cost of expediting a transcript is not taxable," because costs which are "merely associated with a deposition . . . are not compensable

under § 1920," as construed by the Supreme Court in *Taniguichi*). Nonetheless, the Court does not need to reach this question, because Dr. Leininger's use of expedited transcripts was not reasonably necessary to the furtherance of his case. Despite Dr. Leininger's assertions to the contrary, "the temporal proximity of the [hearings] to various deadlines" was not so close as to necessitate the expedition of hearing transcripts. *Jo Ann Howard & Associates, P.C. v. Cassity*, 146 F.Supp.3d 1071, 1081-82 (E.D. Mo. 2015). The relative lack of complexity in this case further bolsters the notion the decision to expedite hearing transcripts was merely for the convenience of counsel. *Id.*; *see also Am. Auto Ins. Co. v. Omega Flex, Inc.*, No. 4:11-CV-00305-AGF, 2014 WL 980398 (E.D. Mo. Mar. 12, 2014) (taxing cost of expedited transcripts to non-prevailing party because "the expense was not merely a convenience for counsel but was reasonable and necessary to allow Defendant to prepare its motions *in limine*"). Therefore, Plaintiffs are taxed $10,059.05, a number equal to the cost of court reporter services incurred by Dr. Leininger minus the cost of expedited transcripts.

      iii. Taxation of Golan Trial Support Materials under 28 U.S.C. § 1920(3)

Dr. Leininger seeks reimbursement under § 1920(3) for $1,909.14 in printing costs. [ECF No. 464-1]. $1,044.67 of these costs is allocable to "all pretrial materials for the pretrial conference held on July 31, 2017, all depositions and accompanying exhibits, and defendants' trial exhibits." [ECF No. 464-1]. Of this $1,044.67, $901.14 represents costs arising from Dr. Leininger's acquisition of three sets of the above-described materials. *Id*. $86.68 arises from the production of a "client copy" of these records. *Id*. The remaining $816.45 is attributed to expenses "incurred for printing all of plaintiffs' trial exhibits designated, which included every document produced by all defendants' during discovery." *Id*. Dr. Leininger asserts that these costs are reasonable due to "the extensive, voluminous discovery and list of plaintiffs' exhibits."

6

*Id*. Plaintiffs contend costs arising from Dr. Leininger's decision to obtain three copies of these materials are an unreasonable expense and should therefore be reduced by two-thirds. [ECF No. 468]. The Court disagrees with this contention. It is customary for parties to have three copies of trial support materials, such as those described in Dr. Leininger's motion. Costs arising from Dr. Leininger's adherence to this practice are properly considered "reasonably necessary," particularly in light of the presumption in favor of a prevailing party's cost recovery. *See In re Derailment Cases*, 417 F.3d at 844 (8th Cir. 2005) ("A prevailing party is presumptively entitled to recover all of its costs."). Therefore, Plaintiffs are taxed the full amount of Dr. Leininger's printing costs.

                iv.   Taxation of Defendant's Graphics and Exhibits under 28 U.S.C. § 1920(4)

Dr. Leininger incurred $32,725.00 for the production of trial graphics, which he claims were necessary for presentation of evidence at trial. [ECF No. 464-1]. Dr. Leininger seeks the taxation of these costs as fees for exemplification pursuant to § 1920(4). According to Dr. Leininger, "the volume of corporate documents and . . . emails that formed the basis of plaintiffs' evidence militated the creation of trial graphics and visual aids both for the presentation of evidence and illustrations during opening and closing statements." *Id*. Dr. Leininger claims these demonstrative exhibits were "reasonably necessary to present and explain the evidence and legal issues to the jury in a clear and efficient manner." *Id*. Plaintiffs contest the imposition of costs stemming from Dr. Leininger's use of the aforementioned exhibits because said exhibits "were either unused, or merely illustrative and not necessary to prove Defendant's case." [ECF No. 468]. Alternatively, Plaintiffs accuse Dr. Leininger of mischaracterizing the nature of these costs; Plaintiffs allege these costs arise not from the production of trial graphics, but from the provision of "trial strategy and tactics," the costs of which are non-recoverable under § 1920.

Copy and exemplification fees, "including graphic and visual aids, as well as materials prepared for electronic display," are recoverable as "fees for exemplification," but only to the extent which they are "necessarily obtained for use in the case." *Cassity*, 146 F.Supp.3d at 1085-86 (interpreting "exemplification" within the meaning of § 1920(4) to include demonstrative exhibits which have been necessarily obtained for use in a case). "Courts have interpreted the necessity requirement to exclude cost recovery for exhibits which were merely illustrative of expert testimony, other adequate evidence, or that served primarily to illustrate counsel's argument." *Id.* at 1086 (citations omitted); *see also Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985) (holding costs arising from the production of trial exhibits as taxable under § 1920(4) so long as they were "necessarily obtained for use in the case"). Despite Dr. Leininger's insistence to the contrary, the trial graphics produced for use in this case cannot be said to have been "vital," let alone "necessarily obtained." Rather, these graphics constitute a clear example of an expense which "merely make[s] trial more efficient, convenient, or expeditious." *Id.* at 1087.[2] The Court will not tax Plaintiffs for such a "sensational expense." *Id.*

Dr. Leininger also incurred $400.00 for certain other exemplification costs, including transcription costs for the voicemails at issue in this trial. [ECW No. 464-1]. Plaintiffs do not contest these expenses. Accordingly, the Court taxes Plaintiffs $400.00 for Dr. Leininger's exemplification costs.

---

[2] It is also worth noting the extraordinary expense of the trial graphics produced for use in this case ($32,725.00) places this expense firmly in the category of those costs identified as potentially problematic by this Court in *Jo Ann Howard & Associates v. Cassity*, 146 F.Supp.3d at 1087 (narrowly construing § 1920(4) so as to prevent "the allure of expending vast sums of money on elaborate, professionally prepared exhibits and electronic presentations" that have jury appeal, but which are unnecessary to the case).

v. Taxation of "Internal Reproduction Costs" under 28 U.S.C. § 1920(4)

Dr. Leininger requests taxation of $719.10 in copying costs. [ECF No. 464-1]. According to Dr. Leininger, these costs represent one-third of costs arising from the copying of trial exhibits used in the courtroom and at sidebars. *Id*. Plaintiffs contest taxation of these costs on the grounds the costs are duplicative of other requested costs and are insufficiently documented to demonstrate necessity for use in the case. [ECF No. 468].

Amounts requested for copy costs must be "documented or itemized in such a way that the Court can meaningfully evaluate [a] request." *Yaris v. Special Sch. Dist. of St. Louis Cty*, 604 F.Supp. 914, 914 (E.D. Mo. 1985); *see Finan v. Good Earth Tools, Inc.*, No. 4:06-CV-878 CAS, 2008 WL 1805639, at *11 (E.D. Mo. Apr. 21, 2008) (declining to tax copy costs when the only information provided by the prevailing party pertaining to those costs was the cost per page and number of pages copied). The Memorandum in Support of Defendant Dr. Leininger's Bill of Costs establishes these costs "were incurred on July 20 and July 26, 2017 for copying all trial exhibits to be used in the courtroom by Dr. Leininger's counsel and the Court, such as at sidebars." [ECF No. 464-1]. This information is sufficient to ensure the Court these reproduction expenses were "necessarily obtained for use in the case." *See Chavis Van & Storage of Myrtle Beach, Inc. v. United Van Lines, LLC*, No. 4:11-CV-1299 RWS, 2014 WL 1729152 (E.D. Mo. 2014 May 1, 2014) (holding that the prevailing party could have established the necessity of its claimed copy costs by providing "a description of the types of materials copied and their purpose"). Furthermore, there is no indication to lend support to Plaintiffs' assertion these expenses are duplicated elsewhere in Dr. Leininger's Bill of Cost. Therefore, the Court will award Dr. Leininger $719.10 for internal reproduction costs.

B. *Courage 2012, LLC's Motion for Bill of Costs*

Courage claims total costs of $3,650.63. [ECF No. 465]. Of these costs, $3,335.63 results from Courage's use of court reporter services during depositions and hearings. *Id*. An additional $598.02 is attributable to Courage's share of deposition transcript costs, as stipulated by the cost-sharing agreement entered into by Courage, Dr. Leininger, and Mission City Management for the allocation of deposition transcript costs.[3] [ECF No. 465-1]. The remaining $2,737.61 of Courage's court reporter costs is attributable to court reporters services obtained for the production of hearing transcripts. *Id*. Courage also claims costs of $315.00 for a video transcript of Dr. Leininger's deposition. *Id*.

      i. Voluntarily dismissed parties under FRCP 54(d) and 28 U.S.C. § 1920

Plaintiffs voluntarily dismissed Courage 2012, LLC ("Courage") on August 15, 2017. [ECF No. 432]. As a result, Plaintiffs contend Courage "cannot be seen as the prevailing party under the law," because it "did not receive the Court's judgment, nor was the case adjudicated on its merits." [ECF No. 468]. As a result of its purported status as a non-prevailing party, Plaintiffs maintain Courage is unable to claim costs under Rule 54(d) § 1920. This line of argument implicates two questions of law: 1) whether a voluntarily dismissed party can be considered a "prevailing party" under Rule 54(d) and § 1920, and 2) whether a party's failure to qualify as a "prevailing party" bars cost recovery under these authorities.

There is uncertainty within the Eighth Circuit as to whether a voluntarily dismissed party can be considered a prevailing party under Rule 54(d) and § 1920. *See Droste v. Julien*, 477 F.3d 1030, 1036 (8th Cir. 2007) (refusing to state whether a voluntary dismissal with prejudice renders the dismissed a prevailing party); *Sequa Corp. v. Cooper*, 245 F.3d 1036, 1037-38 (8th

---

[3] *See supra* text accompanying note 1.

Cir. 2001) ("we disagree with the . . . conclusion that Sequa's voluntary dismissal of the action made defendants prevailing parties . . .. [A] voluntary dismissal without prejudice means that neither party can be said to have prevailed."); *but see Mary Elle Fashions, Inc. v. Jasco Products Co.*, LLC, 4:15 CV 855 RWS, 2016 WL 427950, at *2 (E.D. Mo. Feb. 4, 2016) ("[w]hen a party unilaterally seeks dismissal of an action pursuant to FRCP 41(a)(2), . . . the opposing party is often regarded as the prevailing party for purposes of an award of costs) (citing to *Power Mosfet Techs., L.L.C. v. Siemens AG*, 378 F.3d 1396, 1416 (Fed. Cir. 2004) ("[t]he dismissal of a claim with prejudice is a judgment on the merits")). Nonetheless, while there is uncertainty in regards to whether a voluntarily dismissed party can be considered a prevailing party, it is well established in this Circuit, a voluntarily dismissed party is eligible for an award of costs under Rule 54(d), irrespective of whether that party is considered to have prevailed. *See Sequa Corp.*, 245 F.3d at 1037-38 ("[w]e do not read Rule 54(d)(1) as impairing the inherent authority of a trial court to award costs incurred in defending an action prior to its voluntary dismissal by the plaintiff, even though a voluntary dismissal without prejudice means that neither party can be said to have prevailed"). Courage "incurred costs in defending the action" before being dismissed by Plaintiffs. Courage is entitled to recover these costs under Rule 54(d) and § 1920. *Sequa Corp.*, 245 F.3d at 1038; see also *Droste*, 477 F.3d at 1036 (reiterating the holding articulated in *Sequa Corp.*, 245 F.3d at 1038).

     ii. Division of Deposition and Hearing Transcript Costs

Plaintiffs contest Courage's division of deposition costs between three defendants instead of the five parties who were originally involved in the defense of this case (Mission City Management, Courage 2012, LLC, Dr. Leininger, Steve Griffin, and Veritas Marketing). [ECF No. 468]. For the same reasons articulated in Part III(A)(i) of this opinion, the Court will allocate

deposition costs equally amongst the five parties for whom these depositions were taken to benefit. Plaintiffs are taxed $358.82 for Courage's share of deposition costs. Furthermore, Plaintiffs do not specifically contest the cost of hearing transcripts ordered by Courage. Plaintiffs are therefore taxed an additional $2,737.61 for a total cost of $3,096.43.

        iii. Taxation of Electronic Deposition Transcripts under 28 U.S.C. § 1920(4)

Plaintiffs argue they should not incur Courage's costs for video and written transcripts of Dr. Leininger's deposition. [ECF No. 468]. More specifically, Plaintiffs contend they should not bear the cost for the video transcript of Dr. Leininger's deposition ($315.00) because a video copy was not "reasonably necessary for the furtherance of Defendant's case." *Id*. In general, the courts of this Circuit have consistently held § 1920 to permit the "taxation of costs for both printed and electronically recorded transcripts of the same deposition as long as each transcript is necessarily obtained for use in a case." *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 467 (8th Cir. 2015); *see also Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894 (8th Cir. 2009) (holding the costs of video depositions as taxable under § 1920, unless demonstrated as unreasonable or unnecessary by the non-prevailing party). The Court agrees with Plaintiffs' contention a video copy of Dr. Leininger's deposition transcript was not reasonably necessary for use in this case. Furthermore, there was no indication at the time the deposition was taken Dr. Leininger would be unable to testify at trial, a fact, which if present, would have justified the cost of the video transcript. Plaintiffs will not be taxed for the cost of the video transcript of Dr. Leininger's deposition.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Dr. James Leininger and Courage 2012, LLC's Motion for Bill of Costs [ECF No. 464, 465] are **GRANTED, in part**, and **DENIED, in part**.

**IT IS FURTHER ORDERED** that Defendant Courage 2012, LLC shall be awarded $3,096.42 in costs and Defendant Dr. James Leininger awarded $13,446.11 in costs.

Dated this 20th Day of November, 2017.

*E. Richard Webber*
_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE